**UNITED STATES of America,**
**Appellee,**

v.

**LITTON INDUSTRIES, INC., Appellant.**

**No. 72–1001.**

United States Court of Appeals,
Ninth Circuit.

June 15, 1972.

As Amended on Denial of Rehearing
July 28, 1972.

John R. McDonough (argued), of Ball, Hunt, Hart, Brown & Baerwitz, Beverly Hills, Cal., Theodore F. Craver (argued), Beverly Hills, Cal., Israel B. Greene, Newark, N. J., Sheppard, Mullin, Richter & Hampton, Los Angeles, Cal., J. Wallace Adair, Washington, D. C., for appellant.

Gerald Harwood (argued), Harold D. Rhynedance, Jr., Asst. Gen. Counsel, Ronald M. Dietrich, Gen. Counsel, Federal Trade Comm., Washington, D. C., Howard E. Shapiro, Walker E. Comegys, Acting Asst. Atty. Gen., Washington, D. C., Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Larry M. Dier, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before KOELSCH, BROWNING, and GOODWIN, Circuit Judges.

ALFRED T. GOODWIN, Circuit Judge:

Litton Industries, Inc., appeals from a district court order directing Litton to comply with Federal Trade Commission (FTC) orders for the disclosure of information to aid the FTC in its investigation of conglomerate corporation mergers.

The FTC issued its orders pursuant to Section 6 of the Federal Trade Commission Act, 15 U.S.C. § 46.[1] Upon Litton's refusal to comply, the FTC requested the Attorney General to seek judicial enforcement pursuant to 15 U.S.C. § 49.[2] He did so. After a minor modification of the request, which is not here relevant, the district court ordered Litton to produce the desired information. Litton appealed, and was granted a stay pending our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291. The order is affirmed and the stay is vacated.

The FTC, on July 2, 1968, adopted a resolution directing an investigation of the social and economic consequences of corporate mergers in the United States. The investigation was specifically directed toward Litton and eight other corporations.

On January 2, 1969, the FTC issued to the nine corporations subpoenas duces tecum and orders requiring the filing of special reports. Litton moved in the FTC to quash or limit the subpoena and order, contending that the information

---

1. 15 U.S.C. § 46(b) empowers the FTC: " * * * to require, by general or special orders, corporations engaged in commerce * * * to file with the commission * * * special, reports * * *, furnishing to the commission such information as it may require as to the [corporation's] organization, business, conduct, practices, management, and relation to other corporations * * *."

2. 15 U.S.C. § 49 provides in pertinent part: "Upon the application of the Attorney General of the United States, at the request of the commission, the district courts of the United States shall have jurisdiction to issue writs of mandamus commanding any person or corporation to comply with the provisions of sections 41–46 * * * of this title or any order of the commission made in pursuance thereof."

sought was both irrelevant and confidential.

While that motion was pending in the general investigation of "bigness," the FTC filed a separate divestiture complaint against Litton under Section 7 of the Clayton Act, 15 U.S.C. § 18. In the Section 7 proceeding, the FTC seeks divestiture of two recently acquired German typewriter companies.

Upon commencement of the divestiture proceeding, Litton supplemented, in the investigative proceeding, its pending motion to quash the FTC discovery order, arguing that Litton should be excluded from the general investigation because the divestiture proceeding had been filed. The FTC denied Litton's motion, leaving two proceedings, one investigative and one adjudicative, in progress before the FTC.

On February 3, 1972, the examiner in the divestiture proceeding concluded that Litton's typewriter-manufacturing acquisitions did not violate Section 7 of the Clayton Act. That conclusion is now before the FTC for administrative review.

In defense of its refusal to comply with the FTC investigative orders, Litton made two arguments in the district court:

First, Litton contended that Section 6 of the Federal Trade Commission Act cannot, consistent with the Fifth Amendment's due process clause, authorize the FTC to conduct simultaneous overlapping investigative and adjudicative proceedings against the same corporation. We will call this the "unconstitutional-on-its-face" defense.

Second, Litton argued that the disclosure orders are unconstitutional as applied, in the factual circumstances of this case. As a related issue, Litton also argues that it is entitled to engage in discovery in order to substantiate its allegations related to its "unconstitutional-as-applied" defense.

The FTC argues that both of Litton's defenses lack merit, and that, in any event, they are premature. If the FTC rules in Litton's favor in the divestiture case, Litton's protests will be moot. *See* Public Utilities Commission of State of California v. United States, 355 U.S. 534, 539–540, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958); Allen v. Grand Cent. Aircraft Co., 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933 (1954). The FTC urges, therefore, that Litton's due process defenses can be raised, if at all, only on appeal from an adverse adjudicative order pursuant to 15 U.S.C. § 21.[3]

 In an enforcement proceeding pursuant to 15 U.S.C. § 49, a defendant may contest an FTC investigative order on the grounds that the inquiry is not within the agency's scope of authority, that the order is too vague, or that it seeks irrelevant information. United States v. Morton Salt, 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401 (1950); Okla. Press Pub. Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946). Litton argues that the FTC's investigative orders are not within the FTC's constitutional scope of authority. This "unconstitutional-on-its-face" defense presents a single question of law which may be decided on the present record Like the district court, we reject the contention. *See* Genuine Parts Co. v. F.T.C., 445 F.2d 1382, 1388 (5th Cir. 1971); Lehigh Portland Cement v. F.T.C., 291 F.Supp. 628, 632 (E.D.Va.1968), aff'd, 416 F.2d 971 (4th Cir. 1969).

 The combination of investigative and judicial functions within an agency does not, of itself, violate due process. Federal Trade Com'n v. Cement Institute, 333 U.S. 683, 700–702, 68 S.Ct. 793, 92 L.Ed. 1010 (1948); San Francisco Mining Exch. v. Securities & Ex-

3. 15 U.S.C. § 21 provides, *inter alia*, that whenever the FTC orders a corporation to cease and desist from violating Section 7 of the Clayton Act the corporation may obtain review of such order in the United States Court of Appeals for the Circuit where the violation occurred or where the corporation resides or does business.

change Com'n, 378 F.2d 162, 167 (9th Cir. 1967); Pangburn v. C.A.B., 311 F. 2d 349 (1st Cir. 1962).

From the provision of the Administrative Procedure Act which prohibits the same person from investigating and rendering a decision in the same matter, Congress has expressly excluded "the agency * * * or a member or members of the body comprising the agency." 5 U.S.C. § 554(d) (1966), formerly 5 U.S.C. § 1004 (1964).

[5] The FTC's ex-parte reliance, in the pending adjudicative proceeding, upon evidence obtained outside that proceeding's record would, of course, present due process problems. Republic Aviation Corp. v. National Labor Relations Board, 324 U.S. 793, 799–800, 65 S.Ct. 982, 89 L.Ed. 1372 (1945); San Francisco Mining Exch. v. Securities & Exchange Com'n, 378 F.2d at 168. However, acceptance of Litton's unconstitutional-as-applied argument would require this court to indulge in a presumption that the FTC will, or will be likely to, rely upon improper evidence. Courts do not presume such administrative irregularity. National Labor Relations Board v. Donnelly Garment Co., 330 U.S. 219, 229, 67 S.Ct. 756, 91 L.Ed. 854 (1947); Securities and Exchange Com'n v. R. A. Holman & Co., 116 U.S.App. D.C. 279, 323 F.2d 284 (1963).

Litton contends that it presented the district court with alleged "facts" which, if true, would establish that the commission's simultaneous proceedings at least violate due process in the circumstances of this case. Litton alleged, in substance, that the FTC would consider evidence compiled by its staff from the investigative proceedings as "background" information in the adjudicative proceeding. Litton alleged further that it would have no opportunity to know what the staff report and data contained. Finally, Litton alleged that one FTC member, Commissioner Jones, had been substantially involved in, and necessarily would be prejudiced by, the investigation. The district court denied Litton's efforts to discover evidence to support these claims.

In an action to enforce an FTC discovery order under 15 U.S.C. § 49, the defendant is not entitled to engage in counter-discovery to find grounds for resisting the order. See Genuine Parts Co. v. F.T.C., supra; F.T.C. v. Browning, 140 U.S.App.D.C. 292, 435 F.2d 96 (1970). See also United States v. Newman, 441 F.2d 165, 169 (5th Cir. 1971).

The courts do not normally consider assertions of administrative bias prior to the completion of an adjudicative proceeding. Securities and Exchange Com'n v. R. A. Holman & Co., supra. Only in the "exceptional" case where the court is presented with undisputed allegations of fundamental administrative prejudice will the court interrupt the progress of the adjudicative hearing. Amos Treat & Co. v. Securities and Exchange Commission, 113 U. S.App.D.C. 100, 306 F.2d 260 (1962).

Litton's case is not "exceptional" within the meaning of Amos Treat. Litton's allegations are purely speculative. The bias which Litton sought to establish by discovery could not have developed within the FTC, because Litton has not yet furnished the FTC the very information which, Litton predicts, could prove prejudicial to its position in the divestiture proceedings.

Since the courts do not presume administrative irregularity, National Labor Relations Board v. Donnelly Garment Co., supra, Litton's unconstitutional-as-applied claim is presently too remote and too vague to warrant either discovery or judicial consideration. San Francisco Mining Exch. v. Securities & Exchange Com'n, 378 F.2d at 169–170. In Amos Treat, a factual record existed upon which a commissioner's prejudice could be readily established.

In Federal Home Loan Bank Bd. v. Long Beach Fed. S. & L. Ass'n, 295 F.2d 403 (9th Cir. 1961), specific allegations of bias and an offer of proof were sufficient to justify an inquiry into the alleged bias on the part of board members. But the record on the question of bias was made in the administrative hearing.

**18**

Commissioner Jones, to whom Litton specifically attributes bias, has, by affidavit, sworn to consider against Litton only such evidence as is presented on the adjudicative record. Significantly, in *Amos Treat* the defendant's claims of administrative prejudice were not denied. *See* Securities and Exchange Com'n v. R. A. Holman & Co., *supra*.

Absent a record to which Litton could point as establishing prima facie evidence of fraud, prejudice, or other administrative wrongdoing, this is not an *Amos Treat* situation. We will not speculate as to the possible states of the Commissioners' minds during the pending decisional process. United States v. Morgan, 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1429 (1941); National Labor Relations Bd. v. Botany Worsted Mills, 106 F.2d 263, 267 (3rd Cir. 1939); San Francisco Mining Exch. v. Securities & Exchange Com'n, 378 F.2d at 168. If we were to presume anything, we would presume administrative regularity. Due process will be served at the adjudication's conclusion if Litton appeals from an adverse FTC order. 15 U.S.C. § 21. At such time, Litton will have available a complete factual record upon which to base its claims that individual commissioners were prejudiced and that they relied upon information received by them outside the adjudicative record. Cinderella Career and Finishing Schools, Inc. v. F.T.C., 138 U.S.App.D.C. 152, 425 F. 2d 583 (1970); Sperry and Hutchinson Company v. F.T.C., 256 F.Supp. 136 (S. D.N.Y.1966); R. H. Macy & Company v. Tinley, 249 F.Supp. 778, 783 (D.D.C. 1966).

Litton, therefore, must await the event rather than attempt to anticipate it. Securities and Exchange Com'n v. R. A. Holman & Co., *supra*; National Lawyers Guild v. Brownell, 96 U.S.App.D.C. 252, 225 F.2d 552, 555 (1966), cert. denied, 351 U.S. 927, 76 S.Ct. 778, 100 L.Ed. 1457 (1956).

In the circumstances of this case, Litton's "as-applied" due process defense was premature, and was thus not proper-

ly before the district court. That court, therefore, did not abuse its discretion by denying Litton's discovery motion.

Affirmed.