**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff/Appellee,**

**v.**

**ST. REGIS PAPER COMPANY—KRAFT DIVISION, Defendant/Appellant.**

No. 83–3558.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 6, 1983.

Decided Oct. 5, 1983.

Jeffrey C. Bannon, E.E.O.C., Washington, D.C., for plaintiff-appellee.

James F. Henriot, James M. Hushagen, Eisenhower, Carlson, Newlands, Reha, Henriot & Quinn, Tacoma, Wash., for defendant-appellant.

Before WRIGHT, PREGERSON and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

St. Regis Paper Company—Kraft Division (St. Regis) brings this appeal from the district court's order enforcing an Equal Employment Opportunity Commission (EEOC) administrative subpoena and denying the counterclaims brought by St. Regis. St. Regis sought general discovery, to compel the EEOC to issue a subpoena requiring the former commissioner of the EEOC to submit to a deposition by St. Regis, and certain disclosures pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (1976 & Supp. V 1981). Because St. Regis has complied with the subpoena pursuant to the district court's order, its challenge to the enforcement of the subpoena is moot. The district court's order is otherwise affirmed as the court was acting within its discretion in dismissing St. Regis' counterclaims.

*Mootness*

Pursuant to the procedures created in the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5 (1976), the EEOC commenced an employment discrimination investigation of the defendant, St. Regis Paper Co. It requested certain information from St. Regis, which the company refused to provide. The EEOC then issued an administrative subpoena requesting the same information. St. Regis resisted the subpoena and appealed according to EEOC internal procedures. When St. Regis refused to turn over the information after exhausting administrative appeals, the EEOC brought this action in federal district court to enforce the subpoena. 42 U.S.C. § 2000e–9 (1976).

The district court considered St. Regis' defenses and ordered the company to comply with the subpoena. St. Regis moved for a stay in both the district court and this court, and its motions were denied. Pending this appeal, St. Regis turned over to the EEOC the information requested.

The EEOC is satisfied with St. Regis' compliance with the subpoena. No controversy presently exists, and questions regarding the enforceability of the subpoena are therefore moot. *United States v. Silva,* 641 F.2d 710, 711 (9th Cir.1981); *SEC v. Laird,* 598 F.2d 1162, 1163 (9th Cir.1979). Had St. Regis firmly objected to complying with the subpoena pending the outcome of this appeal, it could have refused to comply with the district court's order of enforcement. Although it may have then risked civil contempt sanctions, its action would have been defensible if the company was in fact unable to comply with the order, *United States v. Rylander,* —— U.S. ——, ——, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983); *Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 781 (9th Cir.1983); *United States v. Asay,* 614 F.2d 655, 660 (9th Cir. 1980); or if the underlying order was issued erroneously. *See Scott & Fetzer Co. v. Dile,* 643 F.2d 670, 675 (9th Cir.1981); *Jett v. Castaneda,* 578 F.2d 842, 845 (9th Cir. 1978). *Cf. Steinert v. United States,* 571 F.2d 1105, 1107 (9th Cir.1978).

This case does not fall within the "capable of repetition yet evading review" exception to the mootness doctrine. Although it is possible that the EEOC may issue another subpoena against St. Regis based on the same charge of employment discrimination, such an action would not evade review unless St. Regis again voluntarily complied with the subpoena. The enforcement of an administrative subpoena is not an action which ordinarily would escape appellate re-

view because of the mere passage of time. *See Sosna v. Iowa,* 419 U.S. 393, 398–99, 95 S.Ct. 553, 556–57, 42 L.Ed.2d 532 (1975); *Dunn v. Blumstein,* 405 U.S. 330, 333 n. 2, 92 S.Ct. 995, 998 n. 2, 31 L.Ed.2d 274 (1971). On the contrary, St. Regis could preserve its challenge to any subsequent subpoena by resisting enforcement pending appeal.

*Counterclaims*

■ A subpoena enforcement action is a summary procedure, *EEOC v. K-Mart Corp.,* 694 F.2d 1055, 1064 (6th Cir.1982); *Goodyear Tire & Rubber Co. v. NLRB,* 122 F.2d 450 (6th Cir.1941), and the Federal Rules of Civil Procedure apply "except as otherwise provided by statute or ... by order of the court in the proceedings." Fed.R.Civ.P. § 81(a)(3). Due to the need for speedy investigation of EEOC charges of employment discrimination, discovery should be allowed against the EEOC only where exceptional circumstances indicate an EEOC abuse of process. *In re EEOC,* 709 F.2d 392, 400 (5th Cir.1983); *EEOC v. K-Mart Corp., supra,* 694 F.2d at 1067; *EEOC v. Bay Shipbuilding Corp.,* 668 F.2d 304 (7th Cir.1981). *See also United States v. Church of Scientology of California,* 520 F.2d 818, 824 (9th Cir.1975) (IRS summons); *United States v. Litton Industries, Inc.,* 462 F.2d 14, 17 (9th Cir.1972) (FTC investigation). St. Regis has produced no specific evidence of EEOC abuse of process, and the district court acted well within its discretion in denying general discovery against the EEOC.

■ The FOIA request, filed as a counterclaim in this action, need not be considered at all under Rule 81(a)(3). *EEOC v. Bay Shipbuilding Corp.,* 668 F.2d 304, 308–09 (7th Cir.1981). Alternatively, if it is considered a permissive counterclaim, in that it did not arise from the EEOC's subpoena enforcement efforts or from St. Regis' alleged employment discrimination, it need not be heard by the court under Fed.R.Civ.P. 13(b).

The district court's dismissal of the counterclaims without prejudice does not constitute an abuse of discretion and is affirmed. It could properly refuse to hear the counter-

claims on the grounds that they would not help resolve the case or would cause unwarranted delay.

AFFIRMED.