**NEW TREND BEAUTY SCHOOL, INC.,**
**Appellant (Plaintiff Below),**

v.

**INDIANA STATE BOARD OF BEAUTY CULTURIST EXAMINERS, and Elaine Bowers, Sandie Deig, Debby Krebs, Judith Stewart, Linda Thompson, Arthur J. Sumrall, M.D., Odessa Rody Walker, individually, and as members of the Indiana State Board of Beauty Culturist Examiners, Appellees (Defendants Below).**

No. 49A02–8602–CV–55.

Court of Appeals of Indiana, Second District.

Feb. 3, 1988.

Steven K. Huffer, Stephen E. Arthur, Bose McKinney & Evans, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Frederick S. Bremer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellees.

SULLIVAN, Judge.

New Trend Beauty School, Inc. (New Trend) appeals a summary judgment granted in favor of the Indiana State Board of Beauty Culturist Examiners and its individual members (Board)[1] upon New Trend's complaint to forestall disciplinary proceedings initiated by the Board.

We affirm.

On November 12, 1985, the Board filed a Complaint and Notice of Hearing against New Trend, a beauty culture school licensee, for administrative discipline. The administrative complaint alleged statutory and regulatory violations. These included sanitation and health violations, failure to keep adequate records, inadequate instruction and curriculum, and shortage of equipment. New Trend promptly sought to depose each Board member and served subpoenas duces tecum in order to determine their "biases, conflicts of interest, and other bases affecting each member's ability to determine impartially and fairly the

---

1. The record is unclear as to which defendants were granted summary judgment. New Trend sued the Board collectively and each Board member, officially and individually, but only one attorney entered an appearance on behalf of one member. The motion for summary judgment was filed on behalf of generic "defendants" by the attorney general. We assume he at least represented the Board and its members in their official capacities pursuant to I.C. 4–6–2–1.5 (Burns Code Ed.Repl.1986). As for the trial court's entry of judgment, it reads "Defendants' Motion for Summary Judgment granted." Record at 192. The parties on appeal have assumed that this entry encompassed all defendants, and, in the absence of specific objection on the matter, we consider the judgment to have determined all issues as to all parties.

charges against New Trend." Record at 37–38. Upon motion, those subpoenas were quashed and the discovery sought by New Trend was denied.

New Trend then filed its complaint in the Marion Circuit Court. It lodged a variety of accusations against the Board, including that the Board was unlawfully constituted,[2] that the Indiana Beauty Culture Law denies due process of law by prohibiting a stay of a license revocation or suspension pending review, and that the "entire demeanor of the Board ... suggests a strong bias and negative attitude concerning New Trend...." Record at 37. As a consequence, New Trend contended that the Board violated its right to due process under the Fourteenth Amendment to the United States Constitution and under Article 1, § 12 of the Indiana Constitution. Furthermore, it added, the Board's actions were *ultra vires* and in violation of 42 U.S.C. § 1983 (the federal Civil Rights Acts). To remedy these ills, New Trend requested a declaration that the Board was improperly constituted, an injunction against further proceedings by the Board, a declaration that New Trend will be denied due process of law under the current administrative statutes, and an order reinstating New Trend's discovery requests. On December 27, the Board filed a motion for summary judgment without supporting evidence, seeking dismissal for New Trend's failure to exhaust its administrative remedies. The trial court heard argument on the motion on February 3, 1986, and granted the Board's motion on February 6. After New Trend's motion to correct errors was denied, it instituted this appeal.

■ Before addressing the substantive issues preserved in New Trend's brief, it behooves us to first deal with the appropriate standard of review and, in so doing, dispose of New Trend's first issue. It is evident from the record that the Board, in advancing its grounds for summary judgment, presented no evidence as contem-

plated by Ind.Rules of Procedure, Trial Rule 56(C) ("depositions, answers to interrogatories, admissions and affidavits"). Instead, it rested on the complaint filed by New Trend and its incorporated exhibits. *See generally Gregory & Appel, Inc. v. Duck* (1984) 2d Dist. Ind.App., 459 N.E.2d 46 (exhibits attached to and made part of a complaint are integral portions of the pleading). In the absence of such evidentiary support, the Board's motion was transformed into a functional motion for judgment on the pleadings pursuant to Ind. Rules of Procedure, Trial Rule 12(C). *Estate of Tanasijevich v. City of Hammond* (1978) 3d Dist., 178 Ind.App. 669, 383 N.E. 2d 1081; *Jenkins v. Hatcher* (1975) 3d Dist., 163 Ind.App. 95, 322 N.E.2d 117. We therefore review the judgment in light of that standard of review.

As with a motion for summary judgment, a motion for judgment on the pleadings is properly granted when there are no genuine issues of material fact. *Gregory & Appel, Inc. v. Duck, supra.* The movant "admits for purposes of the motion all facts well pleaded, and the untruth of his own allegations which have been denied. All reasonable intendments and inferences are to be taken against the movant." *Claise v. Bernardi* (1980) 1st Dist. Ind. App., 413 N.E.2d 609, 611. The trial court in granting the motion declared to New Trend that regardless of the facts set forth in its complaint, the Board was still entitled to judgment as a matter of law. We agree.

The posture of New Trend's complaint, in and of itself, precludes New Trend from proceeding any further in the trial court at this time. The crux of the matter is whether New Trend, by alleging bias and partiality of the Board, may avoid the normal administrative procedure and be awarded interim relief by the trial court.

■ Without question, New Trend must concede that as a general proposition, "[i]n Indiana ... no one is entitled to judicial

---

**2.** On appeal, New Trend expressly waived its claim that the Board is improperly constituted. "While New Trend did raise the conflicting statutes as a ground for relief in its Verified Complaint, New Trend has elected to concentrate its

efforts in this appeal on the constitutional issues raised by the Beauty Board's apparent bias and prejudice against New Trend." Reply Brief at 5–6.

relief for an alleged or threatened injury until the prescribed administrative remedy has been exhausted." *Board of School Commissioners of City of Indianapolis v. Eakin* (1983) Ind., 444 N.E.2d 1197, 1201. The reason for this rule is that courts are generally loathe to interfere with ongoing proceedings before an administrative agency until the agency has had an opportunity to render a final decision. *See Blinzinger v. Americana Healthcare Corp.* (1987) 2d Dist. Ind.App., 505 N.E.2d 449; *Indiana Alcoholic Beverage Commission v. McShane* (1976) 2d Dist., 170 Ind.App. 586, 354 N.E.2d 259; *Downing v. Board of Zoning Appeals of Whitley County* (1971) 149 Ind.App. 687, 274 N.E.2d 542. Interference by the judiciary with the specialized functions of administrative agencies is authorized only in extreme and necessary situations. And we do not deviate from this rule even when a plaintiff requests relief under 42 U.S.C. § 1983. *Thompson v. Medical Licensing Board* (1979) 2d Dist., 180 Ind.App. 333, 398 N.E.2d 679, *cert. denied* (1980) 449 U.S. 937, 101 S.Ct. 335, 66 L.Ed.2d 160. The remedial nature of a § 1983 claim cannot obviate the remedial procedures provided by the Indiana legislature in pertinent statutes such as the Administrative Adjudication Act (I.C. 4–22–1–1 *et seq.* (Burns Code Ed.Repl.1982 (repealed effective July 1, 1987)). *May v. Blinzinger* (1984) 1st Dist. Ind.App., 460 N.E.2d 546. Avoidance of this exhaustion requirement may occur only in exceptional circumstances.

■ In Indiana, the extraordinary situations in which a plaintiff need not exhaust administrative remedies before turning to the courts are three: (1) if plaintiff's compliance with the administrative procedure would be futile; (2) if the applicable administrative procedural statute is void; or (3) if the plaintiff would suffer irreparable harm if required to complete the process. *Northside Sanitary Landfill, Inc. v. Indiana Environmental Management Board* (1984) 1st Dist. Ind.App., 458 N.E.2d 277; *Bowen v. Sonnenburg* (1980) 3d Dist. Ind.App., 411 N.E.2d 390. New Trend presents a hybrid argument involving a bit of all three when it contends that it will be deprived of certain constitutional rights and irreparably harmed if forced to undergo a futile administrative proceeding (futile because of Board bias and prejudice) resulting in a determination against which the pertinent procedural statute provides no stay pending judicial review. Our resolution requires a balancing of various considerations. As stated in *Indiana State Department of Welfare v. Stagner* (1980) 4th Dist. Ind.App., 410 N.E.2d 1348 at 1351, they are:

"... the character of the question presented and the competency of the administrative agency to answer that question; the avoidance of premature interruption of the administrative process in recognition of the interest of the agency in developing a factual record upon which to exercise its discretion and apply its expertise without the threat of litigious interference; the interest in permitting an agency to correct its own errors, a process by which unnecessary judicial proceedings are obviated; and the avoidance of deliberate or frequent flouting of established administrative processes."

In this light New Trend's specific contentions fall short.

As best we can decipher from its brief on appeal, New Trend seeks to escape the exhaustion requirement on one or both of the following bases:

1. An administrative proceeding before the Board is futile because the Board's bias and prejudice against New Trend has preordained a negative result.

2. If the Board does indeed suspend or revoke New Trend's license, there is no statutory provision for stay of the decision during judicial review.

The result of either of these events, New Trend claims, will be an unlawful deprivation of its § 1983 civil right to due process and will cause irreparable harm to its professional reputation and loss of income. We disagree.

■ Due process requirements in the context of administrative proceedings are clear in requiring that a hearing be con-

ducted before an impartial body. *City of Anderson v. State ex rel. Page* (1979) 4th Dist. Ind.App., 397 N.E.2d 615; *City of Gary v. Gause* (1974) 3d Dist., 162 Ind.App. 97, 317 N.E.2d 887; *Guido v. City of Marion* (1972) 3d Dist., 151 Ind.App. 435, 280 N.E.2d 81. "[T]he fact finding process should be free of suspicion or appearance of impropriety." *City of Mishawaka v. Stewart* (1974) 261 Ind. 670, 677, 310 N.E. 2d 65, 69. This, of course, means that agency members may not be swayed in their decisions by preconceived biases and prejudices. To the extent that New Trend could overturn the Board decision if so rendered, we agree with its arguments. *See, e.g., City of Anderson v. State ex rel. Page, supra.* However, New Trend has not shown that it is entitled to such relief as would avoid the administrative process itself.

We must first and foremost keep in mind that the Board has not yet rendered a decision in this matter.[3] Even though we must take New Trend's allegations of bias on the part of individuals as true, we may not assume that the Board will act on those biases and prejudices. To the contrary, we must presume the Board will act properly with or without recusal of the allegedly biased members. *See generally United States v. Litton Industries, Inc.* (9th Cir.1972) 462 F.2d 14; *Hearing & Speech Clinic of Evansville, Inc. v. Indiana Department of Welfare* (1984) 4th Dist. Ind.App., 466 N.E.2d 462 ("It is presumed ... that hearing officers are unbiased...." *Id.* at 466). In the absence of a demonstration of actual bias, the courts should not interfere with the administrative process. *Touche Ross & Co. v. Securities & Exchange Commission* (2d Cir.1979) 609 F.2d 570; *First Jersey Securities, Inc. v. Bergen* (3d Cir.1979) 605 F.2d 690, *cert. denied* (1980) 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756. For us to do otherwise would severely curtail the principle that judicial review is unavailable if an adminis-

trative action is only anticipated. *See Blinzinger v. Americana Healthcare Corp., supra,* 505 N.E.2d 449; *Thompson v. Medical Licensing Board* (1979) 2d Dist., 180 Ind.App. 333, 389 N.E.2d 43. Furthermore, New Trend's request involves substantial interference with the administrative proceeding by encouraging the concomitant discovery process and evidentiary hearings in the middle of and collateral to the proceedings. *See Touche Ross & Co. v. Securities & Exchange Commission, supra; First Jersey Securities, Inc. v. Bergen, supra.*

We reiterate that the facts presented by New Trend show no adverse *demonstration* of bias worthy of judicial interference. We intend no implication of what our response would be if the actual filing of the Board's charges was in and of itself an act of bias and prejudice—New Trend has not alleged that. Nor has it alleged that a specific member must be disqualified for prejudgment of the issues except as a potential witness. *See Association of National Advertisers, Inc. v. Federal Trade Commission* (D.C.Cir.1979) 627 F.2d 1151, *cert. denied* (1980) 447 U.S. 921, 100 S.Ct. 3011, 65 L.Ed.2d 1113 (rulemaking); *see also State ex rel. Neal v. Hamilton Circuit Court* (1967) 249 Ind. 102, 230 N.E.2d 775 (special judge). However, this latter question, as well as the matter upon which we actually rule, is best preserved by initial action before the Board in the form of appropriate objections and/or motions for disqualification. *See, e.g., Satterfield v. Edenton Chowan–Board of Education* (4th Cir.1975) 530 F.2d 567; *Board of Commissioners of Carroll County v. Justice* (1892) 133 Ind. 89, 30 N.E. 1085; *see generally Swingle v. State Employees' Appeal Commission* (1983) 1st Dist. Ind. App., 452 N.E.2d 178. Such procedure will give the Board "the opportunity to correct or prevent an error as a result of bias," without judicial interference. *First Jersey*

---

**3.** It appears the Board rendered an Administrative Adjudication on August 18, 1986, despite a stay order issued by the trial court on February 10, 1986. The Board moved to dismiss the instant appeal for mootness on the basis of its adjudication; this court denied it. For all intents and purposes to the matter before us, we consider the Board to have rendered no decision.

*Securities, Inc. v. Bergen, supra,* 605 F.2d at 700. It will also provide New Trend the opportunity to preserve error in anticipation of judicial review, *see United States v. Litton Industries, Inc., supra,* 462 F.2d 14, upon the issue of whether the Board acted arbitrarily or capriciously. *See* I.C. 4–21.5–5–14 (Burns Code Ed.Repl.1986); *City of Anderson v. State ex rel. Page, supra,* 397 N.E.2d at 620. Upon judicial review, outside evidence may be allowable to show bias despite the prohibition of de novo hearings. *See Mediate v. City of Indianapolis* (1980) 2d Dist. Ind.App., 407 N.E.2d 1194. Thus, if bias is indeed present in the Board's proceedings, New Trend has an adequate administrative remedy to protect its due process rights and is not entitled to the equitable relief requested here. *Compare generally Gibson v. Berryhill* (1973) 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (exhaustion is not required on issue of disqualification if administrative remedy is inadequate) with *Thompson v. Medical Licensing Board, supra,* 389 N.E.2d 43 (injunctive relief for bias not available if administrative remedy is adequate).[4] We conclude that the trial court was correct, as a matter of law, in granting the Board's motion for judgment on the pleadings on the issue of bias. New Trend's complaint is insufficient to outweigh the considerations set forth in *Indiana State Department of Welfare v. Stagner, supra,* 410 N.E.2d 1348.

■ New Trend, however, argues in the alternative that it is entitled to preliminary judicial relief because, in the event the Board does demonstrate its bias, New Trend has no recourse to a judicial stay of a revocation or suspension of its license pending judicial review. We believe New Trend has misinterpreted the pertinent statutes and that there does exist provision for a discretionary stay of improvident Board action.

The Beauty Culture Law sets forth a procedure by which a Board decision to revoke or suspend a certificate of registration may be "appealed" to a circuit court. During such appeal, "the accused shall not be entitled to practice by virtue of a certificate of registration." I.C. 25–8–1–20 (Burns Code Ed.Repl.1982). New Trend insists that this clause prohibits a judicial stay during the pendency of judicial review and that such prohibition will cause damage to its professional reputation and loss of income contrary to 42 U.S.C. § 1983. New Trend's interpretation of the statute might be accurate if the Beauty Culture Law existed in a vacuum, but it does not. The Board must also heed other statutory authority, namely the Indiana Administrative Adjudication Act.

It must be noted that Indiana's Administrative Adjudication Act (AAA) was effectively repealed during the pendency of this appeal and replaced with a substantially amended format. For purposes of the particular matter here concerning the stay, the trial court's judgment was correct under the then-applicable AAA and remains so because that portion of the AAA was basically unaltered. We will deal primarily with the AAA as it existed at the time of judgment and will consider the amended AAA when necessary.[5]

The Beauty Culture Law is specifically modified in its sphere of administrative procedure by the AAA. I.C. 25–8–1–31 (Burns Code Ed.Repl.1982) (*see* 1986 Ind.Acts P.L. 18 § 4 for modification by amended AAA). The AAA itself sets forth: "All general or special laws or parts of laws in conflict herewith are hereby specifically repealed." I.C. 4–22–1–28 (Burns Code Ed.Supp.1985) (current version at I.C. 4–21.5–5–1 (Burns Code Ed.Repl.1986)). In interpreting the relationship between the two acts regarding administrative procedure, the general conclusion has been reached that if procedural portions of the Beauty Culture Law were to be retained by exempting them

---

4. The amended administrative procedures act also provides measures for the disqualification of administrative law judges, I.C. 4–21.5–3–9 (Burns Code Ed.Repl.1986), for a variety of grounds, particularly in the case of bias. I.C. 4–21.5–3–10 *et seq.* (Burns Code Ed.Repl.1986).

5. In addition, we note the amended AAA will be applicable to the continued proceedings upon remand by the trial court. *See* 1986 Ind.Acts P.L. 18 § 3.

from the more specific AAA, the legislature should have *expressly* exempted those portions. As a consequence, all procedural conflicts between the two acts are resolved in favor of the AAA's provisions by reason of the statutory repealer in I.C. 4–22–1–28. *State Board of Beauty Culturist Examiners v. Nuzzo* (1982) 3d Dist. Ind.App., 435 N.E.2d 311. The question arises then as to the effect, if any, upon the Beauty Culture Law's prohibition in I.C. 25–8–1–20 (Burns Code Ed.Repl.1982) against practicing without a license.

Technically, it is arguable that the repeal of the judicial "appeal" provisions in the Beauty Culture Law by the AAA also repealed the practicing without a license prohibition as contained in that same section. However, we do not think it wise to too broadly interpret the AAA's repealing effect where the legislature has passed a specific provision to govern a specific agency which only tangentially conflicts with the AAA. Additionally, we must be mindful that the Beauty Culture Law authorizes the licensing of a profession associated with society's health and welfare. I.C. 25–8–1–34 (Burns Code Ed.Repl.1982). Assuming that the Board is not affected by undue prejudice and bias, its licensing decisions in this specialized regulatory area should be given a presumption of validity, with the further presumption that the public's safety will be assured by immediate effectiveness of its orders of license suspension or revocation. That is the power the Board is given by this clause. Therefore, for us to effect a wholesale repeal of this prohibition by statutory interpretation would not only seem to impinge upon the powers expressly given to the Board, I.C. 25–8–1–19 (Burns Code Ed.Repl.1982), it would also somewhat dilute the protection afforded the public by the summary powers legislatively conferred upon the Board by I.C. 25–8–1–19.1 (Burns Code Ed.Supp. 1986). To be sure, the provision would appear to prohibit or dissuade the Board from granting a stay of its own action pending judicial review. *But see infra* note 6. However, we cannot go so far as to say this provision also prohibits a stay of the Board's final orders by a trial court when warranted.

It would appear that the prohibitory clause of I.C. 25–8–1–20 has application only in appeals pending from a suspension or revocation of a certificate. Accordingly, the certificate holder might obtain a stay of the sanction of probation and of conditions imposed as a result thereof (I.C. 25–8–1–19.1(e)(5) without being in violation of the prohibitory clause.

Although the provision has penal aspects in that practice without a certificate constitutes a Class C Misdemeanor (I.C. 25–8–14–5 (Burns Code Ed.Supp.1987), formerly I.C. 25–8–1–1 (Burns Code Ed.1982)), because of the predominantly procedural nature of the statute, we believe that an appropriate and limited departure from its exactions is not fatal to its overall scheme. *See Allen County Department of Public Welfare v. Ball Memorial Hospital Association, Inc.* (1969) 253 Ind. 179, 252 N.E.2d 424 in which the court said: "The basic test, we believe, to determine whether the requirement is essential or not, is to consider the consequences of the failure to follow the statute and, in this regard, other possible interpretations." 252 N.E.2d at 428. We are therefore guided by rules of flexible statutory construction in determining that the Beauty Culture Law does not prohibit a judicial stay of final orders which revoke or suspend a certificate.

Another problem arises not from the Beauty Culture Law, but from the AAA itself. I.C. 4–22–1–17 (Burns Code Ed. Supp.1985), governing discretionary stays, states in part:

"Where the determination of the agency is a revocation or suspension of a license and *the law governing the agency permits a staying of the action of the agency by court order pending judicial review,* any stay so ordered shall be effective during the period of review and any appeal therefrom and until finally determined, unless otherwise ordered by the court in which such review or appeal therefrom is pending." (Current version at I.C. 4–21.5–5–9) (Burns Code Ed.Repl. 1986) (emphasis supplied).

It is apparent that the Beauty Culture Law does not address the matter of stays. The

question therefore is whether the practice prohibition of I.C. 25–8–1–20 "permits" the granting of judicial stays as set forth in I.C. 4–22–1–17. We hold that it does.

The entire premise for our conclusion rests upon the very fact that the Beauty Culture Law does not speak at all to the issue of stays. We have often said: "[I]t is just as important to recognize what a statute does not say as it is to recognize what it does say." *City of Muncie v. Campbell* (1973) 2d Dist., 156 Ind.App. 59, 65, 295 N.E.2d 379, 383; *Van Orman v. State* (1981) 3d Dist. Ind.App., 416 N.E.2d 1301; *State ex rel. Schuerman v. Ripley County Council* (1979) 1st Dist., 182 Ind.App. 616, 395 N.E.2d 867. The act is wholly silent upon the matter of judicial stays, unlike the provisions in other statutes such as I.C. 36–9–27–108 (Burns Code Ed.Repl.1981) (county drainage board), I.C. 34–4–2–3 (Burns Code Ed.Repl.1986) (arbitration) and the AAA itself. The Indiana legislature obviously has availed itself of other instances to speak specifically of stays. We interpret its silence in the Beauty Culture Law as an implicit declaration that it did not intend to forbid judicial stays in this context. *See Scripps–Howard Radio, Inc. v. Federal Communications Commission* (1942) 316 U.S. 4, 62 S.Ct. 875, 86 L.Ed. 1229 (silence of Congress with respect to stay orders pending appeal). And we, the courts, are without authority to "put something into a statute that the legislature apparently designedly omitted." *Poyser v. Stangland* (1952) 230 Ind. 685, 689, 106 N.E.2d 390, 391. Therefore, in the absence of explicit language relating to judicial stays pending review, we hold that the clause in the Beauty Culture Law prohibit-

ing practice without a license does not forbid a court-ordered stay. Therefore, we conclude that the Beauty Culture Law implicitly permits New Trend to seek a discretionary judicial stay order pursuant to I.C. 4–22–1–17 (current version at I.C. 4–21.5–5–9)[6] of the AAA.

This interpretation clearly comports with the doctrine that we construe statutes as a "general and uniform system of jurisprudence," *Holmes v. Review Board of Indiana Employment Security Division* (1983) 4th Dist. Ind.App., 451 N.E.2d 83, giving effect to both acts, if at all possible. *Indiana State Highway Commission v. Bates & Rogers Construction, Inc.* (1983) 1st Dist. Ind.App., 448 N.E.2d 321.

We are bound by the specific facts of the case before us and make no statement as to the propriety of immediate relief if the Board suspends a license prior to final adjudication, as provided in I.C. 25–8–1–19.–1(f), effective July 1, 1982 (Burns Code Ed.Repl.1982) as replaced by I.C. 25–8–14–1 (Burns Code Ed.Supp.1987) which incorporates I.C. 4–21.5–3–8 (Burns Code Ed.Repl. 1986). All we determine here is that, under the facts, where suspension and revocation are only anticipated, New Trend may not now seek immediate judicial relief to protect its rights because the administrative remedy under the AAA is adequate. *See Bacon v. Patera* (6th Cir.1985) 772 F.2d 259. New Trend has not exhausted that remedy, and the trial court correctly granted the Board judgment as a matter of law in this regard.[7]

New Trend finally contends that it is entitled to an order allowing it to conduct discovery of "possible Beauty Board bias and prejudice." Brief of Appel-

6. The amended AAA now affords to agencies themselves the discretion to grant petition for a stay of a final order. I.C. 4–21.5–3–31 (Burns Code Ed.Repl.1986). Although this provision may be little solace to a party who believes it is a victim of agency bias, it would still allow the agency an opportunity to correct its own errors.

7. Nevertheless, under different circumstances, injunctive relief might be available. Ind.Rules of Procedure, Trial Rule 65; *see generally Pacific Telephone & Telegraph Co. v. Kuykendall* (1924) 265 U.S. 196, 44 S.Ct. 553, 68 L.Ed. 975 (where no stay allowed by statute, federal injunction may be had to help litigant whose

constitutional rights are being invaded). In the alternative, our Supreme Court recently endorsed the use of writs of prohibition against agencies which have denied a party minimum procedural due process. *State ex rel. Pickard v. Superior Court of Marion County* (1983) Ind., 447 N.E.2d 584. If it were otherwise, irreparable harm suffered during and as a result of administrative error or misconduct might render judicial review totally impotent. *Scripps–Howard Radio, Inc. v. Federal Communications Commission* (1942) 316 U.S. 4, 62 S.Ct. 875, 86 L.Ed. 1229.

lant at 21. By the preservation of the issue in this fashion, it is clear that New Trend misunderstands the scope of its rights. As New Trend itself states in its brief, a party must make a proffer of *specific* evidence of bias before being entitled to discovery during an administrative proceeding. *See Holley v. Seminole County School Board* (11th Cir.1985) 755 F.2d 1492 (voir dire). And even then, such proffer must be made *before the Board,* and it must be shown that administrative remedies have been exhausted in this respect also. *See id.; State v. Frye* (1974) 1st Dist., 161 Ind.App. 247, 315 N.E.2d 399.

All New Trend has done to date is to subpoena the Board members and suffer a ruling which quashed those subpoenas. New Trend has otherwise presented nothing to the Board besides allegations of *possible* bias. *"[P]ossible* bias ... does not always rise to the level of a constitutional issue," *Chamberlain v. Wichita Falls Independent School District* (5th Cir.1976) 539 F.2d 566, 571 (voir dire of individual board members). Until New Trend has made a record for review of its allegations that members of the Board will be witnesses and/or have a pecuniary interest in the proceedings, the trial court must not interfere with the administrative process. New Trend has not otherwise presented us with a previously *demonstrated* specific predisposition, such as was present in *Association of National Advertisers v. Federal Trade Commission, supra,* 627 F.2d 1151 (speech, newspaper and magazine articles, televised interview and press release) and in *Gibson v. Berryhill, supra,* 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (board constituted solely of members with distinct pecuniary interest in outcome of case), that would allow us to depart from our policy of noninterference in the orderly procedures available in an administrative action. New Trend has shown no entitlement to reversal of the decision of the Marion Circuit Court.

The judgment is affirmed.

BUCHANAN and GARRARD, JJ., concur.