**Rondal COUCH, Appellant–Plaintiff,**

v.

**HAMILTON COUNTY BOARD OF ZONING APPEALS, Appellee–Defendant.**

**No. 29A05–9207–CV–243.**

Court of Appeals of Indiana, Fifth District.

Feb. 25, 1993.

**40**

Melvin A. Richards, Richards, Boje & Pickering, Noblesville, for appellant-plaintiff.

Randolph A. Leerkamp, Carter & Leerkamp, Indianapolis, for appellee-defendant.

SHARPNACK, Chief Judge.

Rondal Couch appeals the dismissal of his petition for certiorari which requested that the Hamilton Superior Court review the Hamilton County Board of Zoning Appeals ("the board") decision that denied his petition for a zoning variance. We reverse.

Because we reverse, we address only the following issue:

Did Couch's petition for certiorari allege facts sufficient under Ind.Code § 36–7–

**1.** It is unclear from the record, but it appears that the application for variance may have been

4–1003 to withstand the board's motion to dismiss?

Because this case stems from the dismissal of a petition for certiorari, there are few facts in the record. We therefore will offer only an abbreviated factual statement. Rondal Couch owns certain property in an area of Hamilton County that is subject to a zoning ordinance which provides, in part, that no home may be constructed on a lot smaller than one acre. Couch wanted to place mobile homes on his property, and he accordingly pursued an application for a variance of the zoning ordinance before the board.[1] The board heard and denied his application. Couch then petitioned the Hamilton Superior Court for a writ of certiorari, alleging:

1. Petitioner, Rondal W. Couch, hereinafter referred to as Owner is the owner of the property commonly known as 22030 Craig Avenue, Noblesville, Indiana 46060 more particularly described in Exhibit A which is attached herein by reference.

2. Said property was the subject of action in determination by the defendant, Hamilton County Board of Zoning Appeals, Hamilton County, Indiana, hereinafter referred to as BZA on April 16, 1991 herein complained of.

3. Previous owners of the property filed an application for a zoning variance to vary county [sic] zoning ordinance which requires a minimum lot size of 5 acres in an agricultural area.

4. The BZA considered owners' application for variance on April 16, 1991 at a public hearing at which there were no remonstrators against owners [sic] application. At this meeting, the BZA denied owners' application.

5. Owner is an aggrieved person by reason of the foregoing facts and for reasons hereinafter set forth.

6. BZA actions were illegal for the following reasons:

filed by previous owners of the property.

a. A board member stated at the meeting that "you are just trying to take advantage of people."

b. This statement made by a board member was made prior to the decision of the BZA and was prejudicial to the applicant and unduly influenced the other members of the BZA.

c. The property at issue herein has been used for the purpose for which the applicant sought the zoning variance herein prior to the implementation of county wide zoning and the property is therefore grandfathered.

d. BZA denial of owners [sic] application for variance was arbitrary and capricious.

Couch has thus attempted to raise four factual allegations in order to establish that the board acted illegally in denying his variance. We find that one of these allegations does not state facts which can support his claim of illegality for purposes of this certiorari action, and that another is a conclusion of law and not an allegation of fact. The remaining two allegations can support his claim, however, and this leads us to reverse the trial court's dismissal.

The relevant portion of the statute establishing the right to petition for a writ of certiorari provides as follows:

Each decision of ... the board of zoning appeals is subject to review by certiorari. Each person aggrieved by a decision of the board of zoning appeals ... may present, to the circuit or superior court of the county in which the premises affected are located, a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds of the illegality.

I.C. § 36–7–4–1003(a). Thus, Couch was required to allege that the board's decision was illegal, to specify the grounds of illegality, and to allege facts supporting that conclusion.

The board's motion to dismiss the petition for writ of certiorari failed to identify the trial rule under which the board sought dismissal. The motion states, "Comes now the defendant, Hamilton County Board of Zoning Appeals, and moves to dismiss

plaintiff's verified petition for writ of certiorari due to its failure to specify any illegal acts on the part of the defendant." (Record, p. 62.) This language leads to the conclusion that the board sought to dismiss the petition pursuant to Ind. Trial Rule 12(B)(6) which provides that a pleading may be dismissed for failure to state a claim upon which relief can be granted.

Our courts view motions to dismiss for failure to state a claim upon which relief can be granted with disfavor because such motions undermine the policy of deciding causes of action on their merits. *Lincoln National Bank v. Mundinger* (1988), Ind.App., 528 N.E.2d 829, 832. We view the pleadings in the light most favorable to the nonmoving party, and we draw every reasonable inference in favor of that party. *Id.* We will not affirm a dismissal under T.R. 12(B)(6) unless it is apparent that the facts alleged in the challenged pleading are incapable of supporting relief under any set of circumstances. *Ivey v. Massachusetts Bay Insurance Co.* (1991), Ind.App., 569 N.E.2d 692, 694; *Rasp v. Hidden Valley Lake, Inc.* (1986), Ind.App., 487 N.E.2d 1338, 1341–1342.

We first note that Couch's allegation that the property had been used for mobile homes before the adoption of the zoning ordinance and that such a use was therefore "grandfathered" cannot establish that the board acted illegally in denying the variance. The fact that a piece of property had been used for a purpose other than that allowed under the zoning ordinance before the adoption of the ordinance is relevant to establishing that the property is subject to a nonconforming use. Allegations of a nonconforming use are irreconcilable with allegations of the conditions necessary to procure a variance because the variance proceeding is premised on the assumption that the proposed use is prohibited by the ordinance while the nonconforming use proceeding proceeds on the theory that the ordinance does not apply to an already existing use. *Anderson Lumber & Supply Co. v. Fletcher* (1950), 228 Ind. 383, 391, 89 N.E.2d 449, 452. While it does not appear that our courts have directly

addressed the issue, other appellate tribunals have held that a nonconforming use may not be established in a variance proceeding. *See, e.g., Zuena v. Cranston Zoning Board of Review* (1967), 102 R.I. 299, 229 A.2d 846; *Winters v. Zoning Board of Review* (1953), 80 R.I. 275, 96 A.2d 337. Given the holding in *Fletcher* finding the theories to be irreconcilable, we hold that a prior nonconforming use may not be claimed or established in a variance proceeding, and that the assertion of such a use cannot support a claim that a zoning board acted illegally in denying a variance. The trial court did not err in granting the motion to dismiss insofar as the petition for writ of certiorari was based on allegations of a prior nonconforming use.

■ We find, however, that the other allegations were sufficient to state a claim that the board acted illegally, and we therefore reverse. Couch alleged that a board member made a comment which served to prejudice the remainder of the board against the variance. Due process requires that administrative bodies may not reach their decisions on the basis of preconceived bias or prejudice. *New Trend Beauty School v. Board of Beauty Culturist Examiners* (1988), Ind.App., 518 N.E.2d 1101, 1104–1105. Both federal and state appellate courts have held that administrative board members who are biased or prejudiced against a party to an action before the board should disqualify themselves from participating in the decision of the action. *Cinderella Career and Finishing Schools v. Federal Trade Commission* (D.C.Cir.1970), 425 F.2d 583, 590–591, 8 A.L.R. Fed. 283, 297–298;[2] *Berkshire Employees Association v. National Labor Relations Board* (3rd Cir.1941), 121 F.2d 235, 238–239; *Winslow v. Town of Holderness*

*Planning Board* (1984), 125 N.H. 262, 267–269, 480 A.2d 114, 116–117. When a biased board member participates in a decision, the decision will be vacated. *New Trend,* 518 N.E.2d at 1105; *see also, Cinderella Career and Finishing Schools,* 425 F.2d at 591–592, 8 A.L.R. Fed. at 298–299; *American Cyanamid Co. v. Federal Trade Commission* (6th Cir.1966), 363 F.2d 757, 767–768; *Winslow,* 125 N.H. at 265, 269, 480 A.2d at 115, 117.

Here the contention that one of the board members made an arguably biased comment which prejudiced the other board members is sufficient to raise the question of illegality *for the limited purposes of defeating a motion to dismiss for failure to state a claim.* The trial court therefore erred by granting the motion. This is not to say that the board may not successfully raise the issue by means of a motion for summary judgment if it can demonstrate the lack of a question of material fact by the usual means, and, of course, the trial court might find that the board was not biased if the case proceeds through a final determination.

We therefore vacate the trial court's dismissal of Couch's petition for writ of certiorari and order the action to be reinstated.

REVERSED AND REMANDED.

MILLER, J., concurs.

RUCKER, J., concurs in result.

---

**2.** Our supreme court cited *Cinderella Career and Finishing Schools* with approval in *City of Mish-* *awaka v. Stewart* (1974), 261 Ind. 670, 680–681, 310 N.E.2d 65, 70–71.