UNITED STATES of America; Donna Carroll, Revenue Officer of the Internal Revenue Service, Petitioners–Appellees,

v.

Tracy L. BROWN, Respondent–Appellant.

No. 88–4331.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 1990.[*]

Decided Oct. 31, 1990.

Tracy L. Brown, Juneau, Alaska, pro se.

James I.K. Knapp, Gary R. Allen, William A. Whitledge and James H. Love, Tax Div., Dept. of Justice, Washington, D.C., for the petitioners-appellees.

Before BROWNING, BEEZER and RYMER, Circuit Judges.

PER CURIAM:

Appellant challenges a district court order citing him for contempt for failure to comply with its earlier order enforcing a summons requiring him to produce records to the Internal Revenue Service to determine his tax liabilities. We affirm the contempt order.

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

## I

IRS records indicate that appellant has not filed federal income tax returns for the years 1978 through 1985. Appellee Carroll of the IRS initiated an investigation of appellant to determine his tax liabilities for those years.

On July 22, 1986, Carroll issued an internal revenue summons on appellant. The summons required that appellant appear at Carroll's office on August 4, 1986, and produce documents and records relating to appellant's tax liability for 1978 through 1985.

Appellant did not comply with the summons. He claimed he was living in another city and did not receive it. Another summons was issued on September 11, 1986, requiring appellant to appear on September 26, 1986. Appellant did not appear, and claimed he did not receive this summons either.

Appellant claims he received both summonses when he came to Juneau the last weekend of September and picked up his mail. He wrote to Carroll, who received the letter on September 30 and rescheduled their appointment for October 3, 1986.

On October 3, 1986, appellant went to Carroll's office. He brought his records, but refused to let her examine them, claiming his fourth, fifth, and sixth amendment privileges.

On November 25, 1986, appellees filed a petition for judicial enforcement of the summons in the federal district court. The court issued an order requiring appellant to show cause why the summons should not be enforced. Appellant filed a motion to dismiss appellees' petition, claiming that his records were privileged under the fifth amendment. The court referred the dispute to a magistrate, who recommended enforcement.

The court issued an order on May 5, 1988, finding that appellant failed to show good cause why the summons should not be enforced, and ordering appellant to produce the records to Carroll within thirty days. Brown did not appeal from the order. On June 17, 1987, he met with Carroll, but again refused to let her examine the documents.

Appellees then filed a petition for an order to show cause why appellant should not be held in contempt. At the hearing, the court asked appellant why he had failed to comply and whether he had brought the documents with him to court. Appellant refused to answer the court's questions on fourth, fifth, and sixth amendment grounds. The court found appellant in contempt. Appellant now appeals from that order.

## II

We review a district court's contempt order for abuse of discretion. *United States v. Grant*, 852 F.2d 1203, 1204–05 (9th Cir.1988).

## III

■ The district court did not abuse its discretion in issuing the contempt order. At the contempt hearing, the court asked appellant why he did not produce the documents in response to the court's enforcement order. Appellant replied, "I'm going to refuse to answer the questions that you ask me upon the grounds that it infringes upon my rights as secured by the Constitution of the United States, and more specifically, the Fourth, Fifth, and Sixth Amendments thereof." He presented no other defense and offered no evidence.

■ Appellant's constitutional claims were not a defense to the court's contempt order, as the same claim had been raised and rejected by the magistrate and the district court in the earlier enforcement proceedings. *See United States v. Rylander*, 460 U.S. 752, 758, 103 S.Ct. 1548, 1553, 75 L.Ed.2d 521 (1983); *Maggio v. Zeitz*, 333 U.S. 56, 69, 68 S.Ct. 401, 408, 92 L.Ed. 476 (1948).

Our decision in *United States v. Rendahl*, 746 F.2d 553 (9th Cir.1984), does not dictate a different result. In that case, we held that the defendants could raise their fifth amendment claims in the contempt proceeding when they did not have the opportunity to properly raise such a de-

fense in the enforcement proceeding. *Id.* at 555. A person must have the chance to "present himself for questioning, and as to each question elect to raise or not to raise the defense." *Id.* (quoting *United States v. Bell,* 448 F.2d 40, 42 (9th Cir.1971)). The defendants in *Rendahl* did not appear in response to the IRS summons or at the enforcement hearing. Thus, they did not have an opportunity properly to assert the privilege until after the enforcement hearing.

In contrast, appellant appeared before Officer Carroll in response to the summons, and appeared at the enforcement proceeding. He did not attempt on either of these occasions to make a document-by-document or question-by-question claim of privilege, though he could have done so. Instead, he asserted, and continues to assert, a blanket privilege; he refuses to answer any questions or turn over any documents for examination. This claim of privilege was rejected in the enforcement proceeding and could not be raised again in the contempt proceeding.

■ Even assuming appellant was not barred from raising the order in the contempt proceeding, he did not sustain his burden of proving that he was unable to comply with the court's enforcement order. *See United States v. Rylander,* 460 U.S. 752, 758, 103 S.Ct. 1548, 1553, 75 L.Ed.2d 521 (1983). To support his fifth amendment claim, appellant was required to show that the testimony sought "would 'support a conviction under a federal criminal statute' or 'furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime.'" *Rendahl,* 746 F.2d at 555 (quoting *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951)). "The privilege is validly invoked only where there are 'substantial hazards of self-incrimination' that are 'real and appreciable,' not merely 'imaginary and unsubstantial.'" *Id.* (quoting *United States v. Neff,* 615 F.2d 1235, 1239 (9th Cir.), *cert. denied,* 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980)).

■ Appellant refused to make any showing that the documents or testimony sought met the required standards. His conduct is thus distinguishable from that of the defendants in *Rendahl,* who made *in camera* offers of proof to support their claims. 746 F.2d at 554. Instead, it parallels the fact pattern in *Rylander,* in which the defendant refused to comply with a district court enforcement order requiring him to produce documents. 460 U.S. at 754, 103 S.Ct. at 1551. "[W]hile the assertion of the Fifth Amendment privilege against compulsory self-incrimination may be a valid ground upon which a witness ... declines to answer questions, it has never been thought to be in itself a substitute for evidence that would assist in meeting a burden of production." *Id.* at 758, 103 S.Ct. at 1553. The privilege does not shield appellant from meeting his burden of proof. *See id.*

Appellant's constitutional claims did not amount to a valid defense to failure to comply with the enforcement order. The district court did not abuse its discretion in holding appellant in contempt.

AFFIRMED.