ERIC E. CHANDLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; PEGGY K. CHANDLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chandler v. Commissioner
Docket Nos. 2306-90, 2595-90
United States Tax Court
T.C. Memo 1991-425; 1991 Tax Ct. Memo LEXIS 474; 62 T.C.M. (CCH) 634; T.C.M. (RIA) 91425; August 27, 1991, Filed *474 An appropriate order and decision will be entered. Eric E. Chandler, pro se, and Peggy K. Chandler, pro se. Karen E. Stratton, for the respondent. FAY, Judge. FAY
MEMORANDUM OPINION This case is before the Court on respondent's Motions [1] for Damages Under I.R.C. § 6673, which were filed on March 25, 1991, together with respondent's memoranda in support of the Motions for Damages Under I.R.C. § 6673. Also, in response to this Court's order, respondent filed Memorandum Briefs for Respondent and petitioners filed their Memorandum Brief. [2]
At the time of the filing of the petitions, petitioners resided in Vancouver, Washington. Petitioner Eric Chandler failed *475 to file Federal income tax returns for tax years 1984, 1985, and 1986, and petitioner Peggy Chandler failed to file Federal income tax returns for tax years 1984 and 1986. Respondent determined petitioners' tax liability for each year on the basis of wage income and other income reflected on copies of information statements provided by third-party payors. During the examination of those years, petitioners failed to provide respondent with documentation for income and deductions. In February 1990, petitioners filed their timely petitions to this Court. Each petition, however, contains approximately 17 pages of allegations, none of which are relevant to the proceeding before this Court. For example, in the petitions, petitioners question the authority of the Commissioner of Internal Revenue and his delegates, the authority of this Court, and the applicability of the Internal Revenue Code to themselves. Subsequent to filing their petitions, petitioners completely failed to cooperate in stipulating facts or in producing requested documents (e.g., Forms W-2 and Forms 1099). Instead, petitioners initiated both informal and formal discovery. Petitioners filed with this Court a Motion *476 to Compel Discovery and a Motion for Order to Show Cause. To these, petitioners attached a Memorandum in Support of Motion to Compel Discovery and 12 exhibits. Without going into detail, these discovery documents contain page after page of requests, totally irrelevant to the resolution of petitioners' tax liability for the years in issue. On February 14, 1991, at this Court's initiative, the parties and this Court participated in a conference call. After a lengthy discussion, petitioner Eric Chandler agreed to provide respondent with certain requested documents. The Court, after informing petitioner Eric Chandler that the discovery requests were inappropriate, warned petitioner Eric Chandler that petitioners were leaving themselves open to possible section 6673[3] penalties and gave petitioners an opportunity to withdraw the above-referenced motions. [4] Petitioners have failed to take advantage of that opportunity. Moreover, at the time of trial, requested documents still had not been provided. *477 During the February 14, 1991, conference call and throughout trial, petitioners were repeatedly reminded that they had invoked the jurisdiction of this Court, and, therefore, they must comply with the Rules of this Court. On numerous occasions, this Court explained to petitioners that according to the Rules, they had the burden of proof to show that the income as reflected on the notice of deficiency was incorrect. During almost 2 hours of trial, however, petitioners provided this Court with no evidence whatsoever. Also, petitioners refused to stipulate to facts that, according to the Court's standing pretrial order, should have been stipulated. For example, petitioners refused to stipulate to the following: 1) W-2 and 1099 income, 2) the fact that no returns were filed for the years in issue, and 3) a copy of the notice of deficiency. Only after this Court's insistence did petitioners stipulate to certain deductions. During the course of trial, both petitioners took the stand and were sworn in. When asked whether they had filed returns for the years in issue or whether they were employed or earned money, petitioners refused to testify on the grounds that it might incriminate *478 them. The Court advised petitioners that the case law was clear in that such a refusal would not carry their burden of proof. Petitioners, however, continued to refuse to answer or otherwise present any evidence. At the conclusion of trial, this Court rendered a bench opinion finding that, as to income, petitioners failed to carry their burden of proof, and, therefore, petitioners' income equals the amount stated in the notices of deficiency. [5] The Court also took respondent's above-referenced section 6673 motions under advisement. Under section 6673, this Court may impose a penalty not in excess of $ 25,000 whenever it appears to the Court that (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer *479 unreasonably failed to pursue available administrative remedies * * *.
Upon review of the entire record, we find it inescapable that petitioners have instituted and maintained the proceeding before the Court primarily for the purpose of delay and that the positions petitioners have taken in the proceeding are frivolous. As for petitioners' reliance on the claim of privilege against self-incrimination under the Fifth Amendment to the U.S. Constitution, it is well settled that taxpayers may not use the Fifth Amendment privilege, even if properly invoked, to meet their burden of proof in a civil proceeding they instituted. United States v. Rylander, 460 U.S. 752, 758, 75 L. Ed. 2d 521, 103 S. Ct. 1548 (1983); United States v. Brown, 918 F.2d 82 (9th Cir. 1990); Steinbrecher v. Commissioner, 712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo 1983-12; see also Edwards v. Commissioner, 680 F.2d 1268 (9th Cir. 1982); Anderson v. Commissioner, T.C. Memo 1990-647. Finally, the granting of respondent's above-referenced motions should come as no surprise to petitioners. Respondent warned petitioners on numerous *480 occasions, both orally and in writing, that failure to cooperate and failure to abide by the Tax Court Rules would lead to the filing of such a motion. One week prior to trial, respondent mailed petitioners a copy of respondent's above-referenced motions together with respondent's memoranda in support of Motions for Damages Under I.R.C. § 6673. In addition, this Court warned petitioner Eric Chandler of the penalty provisions pursuant to section 6673. For the reasons stated above and considering the waste of limited judicial and administrative resources caused by petitioners' actions, we require petitioners to pay to the United States a $ 2,500 penalty for each docket number. An appropriate order and decision will be entered. Footnotes
1. While these two cases were consolidated, respondent filed separate documents for each docket number.↩
2. Petitioners also filed a Motion to Strike respondent's Motion for Damages Under I.R.C. § 6673, pursuant to Federal Rules of Evidence 408, 802, and 803↩. Petitioners' Motion to Strike raises frivolous arguments and was denied on July 18, 1991.
3. All section references are to the Internal Revenue Code for the years in issue, but as amended by the Omnibus Revenue Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400, which changed the term "damages" to "penalty" and increased the amount which can be imposed from $ 5,000 to $ 25,000. These changes are applicable to positions taken after December 31, 1989, in proceedings which are pending on or commenced after such date. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
4. The Court waited approximately 3 weeks before denying petitioners' discovery motions. However, in their trial memorandum, which has attached to it 162 exhibits, petitioners claim that the Court's failure to rule upon petitioners' above-referenced discovery motions was prejudicial to petitioners.↩
5. On July 24, 1991, this Court issued an Order Supplementing Bench Opinion, whereby the Court found the additions to tax as determined in the notices of deficiency to apply.↩