951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America and E.F. Martin, Revenue Officer of
Internal Revenue Service, Plaintiffs-Appellees,
v.
Donald E. WERT, Defendant-Appellant.
 No. 91-15319.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1991.*
Decided Dec. 19, 1991.
 
 Before WALLACE, Chief Judge, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald E. Wert appeals pro se the district court's order finding him in civil contempt of the district court's enforcement order requiring Wert to produce documents and testify under oath concerning information sought by the Internal Revenue Service (IRS). We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court's order.
 
 
 3
 We review a district court's contempt order for abuse of discretion. United States v. Brown, 918 F.2d 82, 83 (9th Cir.1990). The party seeking to challenge a finding of contempt must show that he was unable to comply with the district court's enforcement order. Id. at 84. Claims raised and rejected in the enforcement proceeding cannot be raised again in the contempt proceeding. Id.[1]
 
 
 4
 Here, Wert appeared before the district court at the enforcement hearing on May 16, 1990. The district court concluded that Wert failed to show good cause why the IRS' summons should not be enforced and ordered him to produce the requested documents. The district court referred the matter to a magistrate judge to determine whether Wert would comply. Wert did not appeal the order.
 
 
 5
 On May 24, 1990 and May 31, 1990, Wert appeared before Magistrate Judge Lawrence R. Leavitt. At both hearings, Wert failed to produce the requested documents and refused to give sworn testimony. In response to the magistrate judge's questioning, Wert claimed that he did not have all the requested documents in his possession. As to those requested documents in his possession, Wert refused to submit them to the IRS and refused to answer questions put to him by the IRS.[2] The magistrate judge concluded that Wert had not complied with the May 16, 1990 enforcement order and had not sustained his burden of proving that he was unable to comply.[3] Accordingly, the magistrate judge recommended that the district court find Wert in civil contempt of the May 16, 1990 enforcement order.
 
 
 6
 On appeal, Wert appears to argue that the district court's enforcement order would require him to give self-incriminating testimony in violation of the fifth amendment of the United States Constitution.[4] Nevertheless, Wert never substantiated this claim before the magistrate judge or district court. Cf. Rendahl, 746 F.2d at 554 (taxpayer asserting fifth amendment privilege supported claim with offer of proof in camera ). Wert did not state how the requested testimony would be incriminating and therefore, failed to meet his burden of showing that the testimony sought would be self-incriminating. See Brown, 918 F.2d at 84.
 
 
 7
 Wert's claims did not amount to a valid defense to failure to comply with the enforcement order. The district court did not abuse its discretion in holding Wert in contempt. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Parties may raise claims in the contempt proceeding when they have not had the opportunity to properly raise such claims in the enforcement proceeding. See United States v. Rendahl, 746 F.2d 553, 555 (9th Cir.1984)
 
 
 [2]
 In his defense, Wert claimed that the IRS did not have the "status" or authority to compel him to testify and to produce the documents. The district court rejected this argument in the enforcement hearing and Wert could not raise it again in his contempt hearing. See Brown, 918 F.2d at 84. In any event, the IRS is authorized to examine records, issue summonses, and to take testimony for the purpose of determining a taxpayer's liability. See 26 U.S.C. § 7602
 
 
 [3]
 Although Wert claimed that he destroyed many of the requested documents, Magistrate Judge Leavitt expressly found Wert's testimony incredible. The magistrate judge found Wert's statements inconsistent and evasive. This conclusion is supported by the record and is not clearly erroneous. See Fed.R.Civ.P. 52(a) (due regard given to trial court's credibility findings)
 
 
 [4]
 Wert also raises a number of claims concerning the first amendment's protection of religious freedom. Nevertheless, these issues were not raised before the district court and we decline to review them now. See Bolker v. CIR, 760 F.2d 1039, 1042 (9th Cir.1985)