981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America; Sandra Emrich, Revenue Officer,
Internal Revenue Service, Plaintiffs-Appellees,
v.
John THEAKSTON, Defendant-Appellant.
UNITED STATES of America; Sandra Emrich, Revenue Officer,
Internal Revenue Service, Jill Brunberg;
Plaintiffs-Appellees,
v.
John THEAKSTON, Defendant,
and
James Joseph Lynch, Jr., Appellant.
 Nos. 91-15822, 91-16460.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1992.*
Decided Dec. 11, 1992.
 
 Before: SNEED, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Theakston appeals pro se from the district court order finding him in civil contempt for his failure to obey an Internal Revenue Service (IRS) summons. Theakston also appeals from sanctions imposed by a magistrate judge pursuant to Rule 11 of the Federal Rules of Civil Procedure. Theakston's former attorney, James J. Lynch, Jr., appeals from the district court's order denying reconsideration of the magistrate judge's order imposing Rule 11 sanctions against him.
 
 
 3
 Theakston seeks reversal of the contempt order on the ground that he has a constitutional right to remain silent and to decline to produce documents in response to an IRS summons. He also argues he cannot be held in contempt for failure to produce his records pursuant to 26 U.S.C. § 7602 because the income tax law is illegal. Theakston and Lynch contend further that the sanctions imposed by the magistrate judge cannot stand because the petition to quash the summons, signed by Theakston in pro se, and the opposition to the Government's motion to dismiss and to strike the petition to quash the summons, were not baseless or frivolous. We address each issue and the facts pertinent thereto under separate headings.
 
 I.
 
 4
 Internal Revenue Officer Jill Brunberg was assigned to investigate John Theakston's tax liabilities from 1981 through 1987. Her investigation showed that Theakston had not filed a federal income tax return since before 1981. Pursuant to 26 U.S.C. § 7602, Brunberg issued an administrative summons to Theakston on May 2, 1988, directing him to appear before her on June 23, 1988, to give testimony and to produce financial records and documents specified in the summons. Theakston failed to appear or produce any of the documents sought in the summons. On September 6, 1988, the IRS notified Theakston by letter that he had another opportunity to comply with the summons. On September 19, 1988, Theakston appeared before Brunberg, but said that he did not intend to produce the documents.
 
 
 5
 On December 1, 1989, the United States filed a petition to enforce the IRS summons. On December 4, 1989, the district court issued an order to show cause why Theakston should not be compelled to obey the IRS summons. Theakston did not attend the hearing, but filed a response claiming the Fifth Amendment privilege against self-incrimination.
 
 
 6
 On June 7, 1990, the magistrate judge recommended that the summons be enforced and that Theakston's motion to dismiss be denied. On July 25, 1991, a district judge issued an order approving the magistrate judge's recommendation and enforcing the summons. The magistrate judge's findings and recommendations and the district court's order were explicitly based, inter alia, on Theakston's failure to produce any evidence supporting his claims of Fifth Amendment privilege. On August 8, 1990, the IRS scheduled an appointment for Theakston to appear on August 16, 1990 to comply with the district court order enforcing the summons. Theakston appeared, but failed to produce any documents.
 
 
 7
 On November 13, 1990, Theakston filed a petition to quash the summons issued to him. Theakston argued, among other things, that Internal Revenue Code provisions granting the IRS power to issue and enforce summons are unconstitutional; that the federal income tax is unconstitutional; that wages are not income; and that taxing occupations and labor violates the Thirteenth Amendment. Theakston also sought to bring a Bivens action against Brunberg, IRS officer Sandra Emrich, and Assistant United States Attorney Yoshinori Himel. In addition, Theakston prayed for damages of $300,000, and sought a refund of all monies ever withheld from his earnings, estimated at $152,000. The petition to quash was signed by Theakston pro se.
 
 
 8
 On February 14, 1991, the district court issued an order requiring Theakston to show cause why he should not be held in civil contempt for failure to comply with the order issued by the district court on July 25, 1991. Theakston, now represented by attorney James Lynch, responded with a memorandum of points and authorities claiming privilege under the Fifth Amendment. On March 4, 1991, the United States filed a motion to dismiss and to strike Theakston's November 13th petition to quash the summons.
 
 
 9
 On March 20, 1991, the civil contempt hearing was convened before the magistrate judge. Counsel for Theakston again argued Fifth Amendment privilege. The magistrate judge held that Theakston bore the burden of demonstrating that any tacit admissions from the production of documents would expose him to a real and substantial hazard of prosecution. Because Theakston failed to produce such proof, the magistrate judge recommended that Theakston be imprisoned until he purged himself of contempt. The district court adopted the recommendation and found Theakston in contempt of its order enforcing the summons. A stay was ordered pending appeal.
 
 
 10
 On March 29, 1991, Lynch filed Theakston's opposition to the Government's motion to dismiss Theakston's motion to quash the summons. The motion, signed by Lynch, argued privilege under the Fifth Amendment; a violation stemming from the issuance of the IRS summons without probable cause; the unconstitutionality of the Sixteenth Amendment; and that the IRS owed Theakston a tax refund because the Sixteenth Amendment is unconstitutional. The Government requested Rule 11 sanctions in its reply brief.
 
 
 11
 On April 18, 1991, a hearing was held before the magistrate judge on the Government's motion to dismiss and to strike Theakston's November 13th petition to quash the summons. At the hearing, Theakston's counsel conceded that all the relief sought by Theakston was unavailable. On April 19, 1991, the magistrate judge recommended that Theakston's petition to quash be stricken, and ordered Theakston and Lynch to appear at a hearing on May 16, 1991 to show cause why the magistrate judge should not impose Rule 11 sanctions against them.
 
 
 12
 After the May 16, 1991 hearing, the magistrate judge found Theakston's petition to quash "frivolous ... not well grounded in fact or warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and ... interposed for [an] improper purpose...." The magistrate judge ordered a $2,000 sanction against Theakston, and sanctioned Lynch $1,000 for his March 29th opposition brief in support of Theakston's petition to quash. At Theakston's request, Lynch was relieved of any further obligation to act as Theakston's attorney.
 
 
 13
 Lynch's motion for reconsideration by the district court of the sanctions imposed against him by the magistrate judge was denied on July 8, 1991.
 
 II.
 
 14
 We review both the district court's contempt order and the order imposing sanctions for abuse of discretion. Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir.1990); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).
 
 
 15
 The Government argues that because the district court rejected Theakston's Fifth Amendment argument in the enforcement hearing, "taxpayer was barred, by the doctrine of res judicata, from raising this issue again in the contempt proceeding." While a bar may exist, see United States v. Rylander, 460 U.S. 752, 756-57 (1983), the Government cites no controlling authority for the proposition that it is based on res judicata. We need not resolve that question in this matter, however, because Theakston's claim of Fifth Amendment privilege is meritless. Theakston has failed to demonstrate "that the testimony sought [by the IRS] 'would support a conviction under a federal criminal statute or furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime.' " Brown v. United States, 918 F.2d 82, 84 (9th Cir.1990) (quoting Rendahl v. United States, 746 F.2d 553, 555 (9th Cir.1984)) (citation and internal quotation marks omitted). Theakston cannot rely on a blanket assertion of Fifth Amendment privilege to defeat an IRS summons. See Rylander, 460 U.S. at 758 (where appellant refused to comply with court order requiring him to produce documents, mere assertion of Fifth Amendment privilege was no "substitute for evidence that would assist in meeting a burden of production"); United States v. Rendahl, 746 F.2d 553, 555-56 (9th Cir.1984) (danger of prosecution must be real; defendants met burden of production by in camera offer of proof).
 
 
 16
 Theakston also raises a series of other arguments against the imposition of contempt. He claims he received ineffective assistance of counsel; that the IRS summons power violates the separation of powers and the First and Fourth Amendments; that the IRS committed fraud and attempted to blackmail him; and that the federal income tax and the Sixteenth Amendment are unconstitutional.
 
 
 17
 Theakston raised his First Amendment argument and his argument against the legality of the income tax in the enforcement hearing. These claims were rejected by the magistrate judge. Theakston did not appeal from the district court's order granting enforcement of the IRS summons. Therefore, Theakston's attempt to raise them in this appeal is barred. See Brown, 918 F.2d at 83 ("Appellant's constitutional claims were not a defense to the court's contempt order, as the same claim had been raised and rejected by the magistrate and the district court in the earlier enforcement proceedings.").
 
 
 18
 Theakston could have raised his other arguments in the enforcement hearing, but failed to do so. They are now also barred. Rylander, 460 U.S. at 757 (issue that could have been raised in enforcement proceeding may not be raised for the first time in a contempt proceeding). Under these circumstances, the district court did not abuse its discretion in holding that Theakston was in contempt for failing to obey its order to comply with the summons.
 
 III.
 
 19
 Lynch argues that the district court abused its discretion when it denied reconsideration of Rule 11 sanctions imposed on him by the magistrate judge. Lynch maintains, first, that the magistrate judge had no jurisdiction to impose Rule 11 sanctions and that the Government has conceded the truth of Lynch's argument by ignoring it on appeal. Lynch is wrong on both counts.
 
 
 20
 First, the Government clearly asserts its position that the magistrate judge had jurisdiction to impose sanctions. Second, Lynch seems to agree that under Maisonville v. F2 America, Inc., 902 F.2d 746 (9th Cir.1990), cert. denied, 111 S.Ct. 674 (1991), a magistrate judge may order Rule 11 sanctions if the sanctions are "non-dispositive of a claim or defense of a party" Id. at 747. The district court held the sanctions were nondispositive "in that the court had already ruled on behalf of petitioners and ordered Theakston to comply with the IRS summons." Lynch does not suggest that the district court erred in its reasoning. Instead, he contends that
 
 
 21
 [t]he Maisonville Court should have upheld the award by the magistrate judge not on the basis of Rule 11, but rather on the basis of Rule 37(a)(4).... It is therefore respectfully urged that Maisonville be reconsidered in the light of the purposes for which the two rules were fashioned and the nature of the jurisdiction conferred upon Magistrate judges...."
 
 
 22
 We must reject Lynch's invitation that we overrule Maisonville. Only an en banc court of this Circuit may overrule our precedent absent an intervening Supreme Court decision or act of Congress. United States v. Frank, 933 F.2d 1491, 1500 (9th Cir.), superseded on other grounds, 956 F.2d 872 (9th Cir.1991), cert. denied, 61 U.S.L.W. 3283 (U.S. Oct. 13, 1992) (No. 91-8230); Pratt v. McCarthy, 850 F.2d 590, 593 (9th Cir.1988). Maisonville controls this question. The magistrate judge did not abuse his discretion in sanctioning Lynch.
 
 
 23
 Lynch next argues that he made a reasonable inquiry before filing his pleading and that the arguments contained in the pleading are not frivolous under Rule 11. We disagree.
 
 Rule 11 reads in pertinent part:
 
 24
 The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
 
 
 25
 Fed.R.Civ.P. 11. "[S]anctions must be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.' " Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1990). A frivolous document is one which is
 
 
 26
 both baseless and made without a reasonable and competent inquiry. Either the improper purpose or frivolousness ground is sufficient to sustain a sanction; however, if a district court cites both grounds, we should consider both on appeal because whether the paper is only frivolous or both harassing and frivolous could affect the nature of the sanction or the amount of damages awarded as a result of the sanction....
 
 
 27
 ... The standard governing both inquiries is objective.
 
 
 28
 Id. at 1362.
 
 
 29
 Furthermore, we may sanction under Rule 11 even if some claims contained in a pleading are nonfrivolous. Id. at 1363-64. "[W]hether a pleading is sanctionable must be based on an assessment of the knowledge that reasonably could have been acquired at the time the pleading was filed...." Id. at 1364. To determine what knowledge could have been reasonably acquired, a court considers " 'all the circumstances of a case.' " Id. (quoting Cooter & Gell, 496 U.S. at 401).
 
 
 30
 Lynch's "Opposition to Motion to Dismiss Petition to Quash and Motion to Strike, Memorandum of Points and Authorities" contains the following arguments:
 
 
 31
 1) The Fifth Amendment protects against compulsory incrimination which extends to compulsion in producing tax records.
 
 
 32
 2) The Fourth Amendment requires the IRS to obtain a search warrant before issuing summons.
 
 
 33
 3) Theakston could pursue a Bivens action against the IRS agents who issued a summons.
 
 
 34
 4) The Sixteenth Amendment is unconstitutional.
 
 
 35
 5) Theakston is entitled to a tax refund because the Sixteenth Amendment is unconstitutional.
 
 
 36
 Lynch claims that he had only six to nine working days to prepare the "Opposition." Assuming that Lynch's time estimate is accurate, it cannot excuse his reliance on an argument that the Sixteenth Amendment is unconstitutional. Six to nine hours of research would have been adequate time to discover that such arguments are frivolous and sanctionable in this circuit. See Cook v. Spillman, 806 F.2d 948, 948-49 (9th Cir.1986) (sanctioning appellant for arguing Sixteenth Amendment was never ratified); Grimes v. Commissioner, 806 F.2d 1451, 1453, 1454 (9th Cir.1986) (upholding Tax Court sanctions based on, inter alia, argument that the Sixteenth Amendment is unconstitutional). The failure to uncover the frivolousness of this contention was not reasonable.
 
 
 37
 As for Theakston, his pleadings make no intelligible legal argument against the district court's imposition of sanctions and none exists. "[I]t is settled that pro se litigants are held to an objective standard of reasonableness under Rule 11." Business Guides v. Chromatic Communications Enter., 892 F.2d 802, 811 (9th Cir.1989), aff'd, 111 S.Ct. 922 (1991). Theakston's "Petition to Quash Summons" argued inter alia that the federal government cannot constitutionally lay direct taxes on individuals, that wages are not income, and that the IRS summons power is unconstitutional.
 
 
 38
 We specifically ordered Cook v. Spillman published to "let ... disgruntled taxpayers, usually acting without advice of counsel, know that the advancing of [such] issues ... will result in the imposition of sanctions." 806 F.2d at 949 n. 1. The magistrate judge did not abuse his discretion in imposing Rule 11 sanctions against Theakston.
 
 
 39
 Finally, Townsend requires this court to consider Rule 11 sanctions in light of whether the sanctioned pleading was deemed frivolous, filed for an improper purpose, or both. 929 F.2d at 1362. The magistrate judge found that Theakston's pleading was both frivolous and filed for the improper purpose of harassing the IRS officers and the Assistant United States Attorney charged with enforcing the summons against Theakston. He sanctioned Theakston $2,000. In the district court's order denying reconsideration of sanctions against Lynch, the court found that Lynch's pleading was frivolous and upheld the magistrate judge's $1,000 sanction against him. The sanctions took proper account of the two prongs of the Rule 11 analysis required by Townsend.
 
 IV.
 
 40
 The Government requests appellate sanctions of $1,500 each against Theakston and Lynch for pursuing a frivolous appeal. We decline the suggestion to impose additional sanctions.
 
 
 41
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3