2 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
IN RE GRAND JURY PROCEEDINGS,
Altaf AMLANI, Witness-Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-55755.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 7, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 BACKGROUND
 
 2
 Altaf Amlani appeals the district court's judgment holding him in civil contempt for failure to produce documents before the grand jury. We vacate the order of contempt and remand.
 
 
 3
 A grand jury issued a subpoena to Amlani, requesting him to produce documents relating to the business of Finer Images, a telemarketing company. Amlani appeared before the grand jury on May 27, 1993 and refused to produce the requested documents, asserting his fifth amendment privilege against self-incrimination. The government offered act of production immunity to Amlani pursuant to United States v. Doe, 465 U.S. 605 (1984), but stated that the immunity "should not be construed as being coextensive with a complete grant of immunity as set forth in 18 U.S.C. Sec. 6003."
 
 
 4
 The district court ordered Amlani to produce the documents "under the immunity which has been granted to you by the United States Attorney with reference to your production of records." Amlani did not comply with the district court's order. At a second district court hearing, eleven days after the first hearing, counsel for Amlani moved to quash the subpoena and argued that immunity could be granted only through the statutory procedure set forth at 18 U.S.C. Secs. 6002-6003. The district court denied the motion to quash and held Amlani in civil contempt.
 
 ANALYSIS
 
 5
 I. Improper Statutory Procedure in Granting Immunity
 
 
 6
 Amlani contends that the United States Attorney and the district court failed to follow the proper statutory procedure in granting Amlani immunity.
 
 
 7
 A witness called before a grand jury may be held in contempt if he refuses "without just case" to testify. 28 U.S.C. Sec. 1826. This court reviews a finding of contempt pursuant to 28 U.S.C. Sec. 1826 for abuse of discretion. In re Grand Jury Proceedings (Doe), 801 F.2d 1164, 1167 (9th Cir.1986).
 
 
 8
 A witness cannot assert his or her fifth amendment privilege by refusing to testify where the witness has been ordered to testify and granted use and derivative use immunity. 18 U.S.C. Sec. 6002. The grant of immunity effectively replaces the fifth amendment privilege and " 'leaves the witness and the Federal Government in substantially the same position as if the witness had claimed his privilege.' " Kastigar v. United States, 406 U.S. 441, 458-59 (1972) (quoting Murphy v. Waterfront Comm'n, 378 U.S. 52, 79 (1964)).
 
 
 9
 Testimony may be immunized only through an express grant of immunity by the United States Attorney. United States v. Lipkis, 770 F.2d 1447, 1450 (9th Cir.1985). When making the request for immunity to the district court, the United States Attorney must have the approval of the Attorney General or a designated Assistant or Deputy Attorney General. 18 U.S.C. Sec. 6003(b); United States v. Plummer, 941 F.2d 799, 802 (9th Cir.1991). Upon the authorized request of the United States Attorney, the district court is required to issue an order granting use immunity and directing the witness to comply with the subpoena. 18 U.S.C. Sec. 6003(a). Absent a request from the United States Attorney that complies with the statutory procedure, the district court has no independent authority to grant immunity. United States v. D'Apice, 664 F.2d 75, 77 (5th Cir.1981); McCoy v. Comm'r Internal Revenue, 696 F.2d 1234, 1237 (9th Cir.1982); see 18 U.S.C. Sec. 6003.
 
 
 10
 The United States Attorney did not have the authority to grant Amlani immunity pursuant to 18 U.S.C. Secs. 6002 and 6003 since the Attorney General's office did not give authorization. The government's position on appeal is, apparently, that no statutory authorization is necessary, since it did not intend to grant Amlani statutory immunity for the act of producing Finer Images' documents. The district court had no independent power to grant immunity to Amlani. Since the grant of immunity was a nullity, Amlani had just cause for refusing to produce the requested documents. Accordingly, the district court abused its discretion in holding Amlani in contempt.[1]
 
 II. Incomplete Grant of Immunity
 
 11
 For the purpose of guidance to the district court and the parties, we discuss the district court's order granting immunity to Amlani.
 
 
 12
 In some circumstances, the sole proprietor of a business may not be compelled to produce the business's documents because the act of production would be incriminating. United States v. Doe, 465 U.S. 605, 612-13 (1984). The custodian of records of a "collective entity," however, may not resist a subpoena on fifth amendment grounds because the act of production is deemed one of the corporation, and not the individual. Braswell v. United States, 487 U.S. 99, 118 (1988). If, in a particular case, the act of producing documents is privileged under the fifth amendment, the act of production cannot be compelled without a grant of use and derivative use immunity pursuant to 18 U.S.C. Secs. 6002 and 6003. Doe, 465 U.S. at 617; United States v. Lipkis, 770 F.2d 1447, 1450 (9th Cir.1985); see also United States v. Crowson, 828 F.2d 1427, 1427-28 (9th Cir.1987) (immunity given to witness for act of producing documents pursuant to 18 U.S.C. Secs. 6002-6003), cert. denied, 488 U.S. 831 (1988).
 
 
 13
 The government's principal contention on appeal is that Finer Images is not a sole proprietorship but rather a collective entity, and that Amlani failed to show that he held the subpoenaed documents in a personal capacity.[2] Thus, the government argues, Amlani is not entitled to act of production immunity because he is not entitled to assert the fifth amendment privilege pursuant to Doe. See Braswell, 487 U.S. at 117-118.
 
 
 14
 The government did not pursue these arguments in the district court. In fact, by offering (or purporting to offer) act of production immunity to Amlani, the government apparently conceded that Amlani was entitled to assert the fifth amendment privilege for the act of producing the subpoenaed documents. Moreover, the government stated before the district court that it would not litigate whether or not Finer Images was a sole proprietorship or a corporation. The district court made no explicit findings as to whether or not Amlani demonstrated that Finer Images was a sole proprietorship.[3]
 
 
 15
 Given the terse and confusing record before us, we can only conclude that Amlani, the government, and the district court all assumed that Amlani's production of the documents would be personally incriminating. We make no finding regarding this issue. On remand, Amlani will have the burden of proving that he is entitled to assert the fifth amendment privilege for the production of the documents.[4]
 
 
 16
 The district court's order was unclear regarding the extent of immunity purportedly granted to Amlani. The district court seems to have understood that it was granting Amlani the extent of immunity that the government had offered Amlani, and that the grant of immunity would not be coextensive with 18 U.S.C. Sec. 6002.
 
 
 17
 Although the district court may have thought it was following Doe in granting the limited immunity proposed by the government, the failure of the government to offer use and derivative use immunity to Amlani pursuant to 18 U.S.C. Secs. 6002-6003 for the act of producing the subpoenaed documents led the district court to fail to grant immunity sufficient to protect Amlani's asserted fifth amendment privilege. Accordingly, the district court erred in holding Amlani in contempt.[5]
 
 
 18
 The government did not comply with the statutory procedure in granting Amlani immunity. Thus, the district court lacked authority to grant Amlani immunity. Furthermore, the extent of immunity purportedly granted to Amlani was not sufficient to protect the fifth amendment privilege that he was asserting. We vacate the order of contempt and remand for further proceedings consistent with this opinion.[6]
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Given our holding that the district court abused its discretion in holding Amlani in civil contempt, Amlani's suggestion that the government did not meet its burden of proving Amlani's contempt by clear and convincing evidence is moot
 
 
 [2]
 We reject the government's bald assertion that the existence of an independent source for information relating to the documents and of an alternative to appearing before the grand jury destroys the incriminating nature of the act of production
 
 
 [3]
 The court recognized that some degree of immunity was being given to Amlani, and noted that, since he was given immunity, he had no right to assert the fifth amendment privilege
 
 
 [4]
 Contrary to appellant's assertion, we agree with the Fourth Circuit that the burden of proving the nature of the disputed documents and the capacity in which they are held is on the person asserting the privilege. United States v. Wujkowski, 929 F.2d 981, 984 (4th Cir.1991); see also United States v. Brown, 918 F.2d 82, 84 (9th Cir.1990) (witness bears burden of proving inability to comply with court order based on fifth amendment privilege); Baker v. Limber, 647 F.2d 912, 916-17 (9th Cir.1981) (fifth amendment privilege not properly asserted by merely declaring testimony will incriminate; witness must show basis for believing testimony may incriminate witness)
 
 
 [5]
 The parties' remaining contentions can be quickly disposed of. The claim that the contempt proceedings violated Amlani's due process rights is frivolous. Amlani had more than enough notice and time to prepare his defense before the district court held him in contempt. See United States v. Alter, 482 F.2d 1016, 1023 (9th Cir.1973). Amlani's vague allegations concerning overbreadth, improper use of the grand jury, and failure to show a proper purpose for the subpoena cannot be raised for the first time on appeal to justify his past contempt. In re Bianchi, 542 F.2d 98, 100 (1st Cir.1976). Similarly, because the government did not raise in the district court the claim that Amlani's motivation in resisting the subpoena was for the purpose of delay, it cannot raise that claim on appeal
 
 
 [6]
 One procedural matter remains. The court has received and reviewed the response of appellant's counsel, David Katz, Esq., to this court's order to show cause of June 23, 1993
 A sanction of $2,000 is imposed on Mr. Katz for his failure to comply with this court's orders and rules. The sanction is imposed as a judgment and shall be paid to the Clerk of this Court within 21 days of this order.