17 F.3d 396
 73 A.F.T.R.2d 94-1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Petitioner-Appellee,
v.
John S. CARTER, Respondent-Appellant.
 No. 92-55840.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 11, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John S. Carter appeals pro se the district court's order holding him in civil contempt and imposing sanctions to compel him to comply with the court's order enforcing an Internal Revenue Service (IRS) summons to produce documents as a third party record keeper. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review the district court's finding of civil contempt and imposition of civil contempt sanctions for an abuse of discretion. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992). "These decisions should not be reversed absent a definite and firm conviction that the district court made a clear error of judgment." Id. (quotations omitted).
 
 
 4
 On appeal, Carter seeks to overturn the district court's imposition of civil contempt sanctions of $100 against him for each day that he failed to comply with the summons and an additional $500 in attorney fees and costs. To prevail, Carter must show that he was unable to comply with the district court's enforcement order. See United States v. Brown, 918 F.2d 82, 84 (9th Cir.1990).
 
 
 5
 Carter first contends that the district court was without jurisdiction to impose civil contempt sanctions because the district court's underlying order enforcing the summons was pending on appeal when the court imposed the civil contempt sanctions.[1] This contention lacks merit. Absent a stay, district courts have the authority to enforce their orders including holding parties in civil contempt while an appeal of the underlying enforcement order is pending. See Fed.R.Civ.P. 70; 26 U.S.C. Sec. 7604(b); Maness v. Meyers, 419 U.S. 449, 458-60 (1975) ("[w]e begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that the order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal"); Richmark Corp., 959 F.2d at 1480 (upholding district court's imposition of civil contempt sanctions despite a pending appeal of the underlying discovery enforcement order).
 
 
 6
 Next, Carter, relying on United States v. Kersting, 891 F.2d 1407, 1410 (9th Cir.1989), cert. denied, 498 U.S. 812 (1990), contends that he was unable to comply with the enforcement order because it would have mooted his pending appeal of the underlying enforcement order and thus would have effectively denied him his right to appeal. This argument lacks merit. In Richmark Corp., we held that the imposition of civil contempt sanctions did not violate the contemnor's right to appeal even if compliance would moot the pending appeal of the enforcement order. 959 F.2d at 1480 ("even assertion of constitutional rights may be burdened by requiring those who assert him to risk contempt"). Had Carter prevailed on the merits of his appeal of the underlying enforcement order, the contempt order would have been reversed. See id. (citing Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987)); EEOC v. St. Regis Paper Co., 717 F.2d 1302, 1303 (9th Cir.1983).[2]
 
 
 7
 Because we previously rejected Carter's challenges to the underlying order of enforcement and because Carter has failed to demonstrate that he was unable to comply with the summons, we affirm the district court's imposition of civil contempt sanctions against him. See Richmark Corp., 959 F.2d at 1480; Brown, 918 F.2d at 84.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In United States v. Grant, Nos. 91-56344, 91-56464, unpublished memorandum disposition, (9th Cir. Feb. 10, 1993), we upheld the district court's order enforcing the summons issued to Carter by the IRS in its attempt to prepare substitute returns for M. Leslie Grant and Alice M. Grant, taxpayers who had failed to file income tax returns for a number of years
 
 
 [2]
 We note that several months after the district court held Carter in contempt, the Supreme Court decided Church of Scientology v. United States, 113 S.Ct. 447 (1992). In Church of Scientology, the Court held that compliance with an IRS summons does not render the appeal from the underlying enforcement order moot. See 113 S.Ct. at 449. Thus Church of Scientology overruled our holding in Kersting--which Carter relies on--that substantial compliance with an IRS summons mooted the appeal of the order of enforcement. See id. at 451 n. 8. Nevertheless, because a district court may hold a party in contempt even if compliance would moot the appeal, we need not address Carter's erroneous contention in his reply brief that Kersting is still controlling. See, e.g., Richmark Corp., 959 F.2d at 1480 (upholding coercive civil contempt sanctions even when compliance would moot appeal)