21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re EAST WEST CONSTRUCTION COMPANY, INC., Debtor.
In re William Winston NORTHUP, Debtor.
Robert B. AYRES, Appellant,
v.
Edward WALSH, Trustee, Appellee.
 No. 90-15404.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 28, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert B. Ayers, an attorney, appeals pro se the district court's order confirming the bankruptcy court's Conditional Civil Contempt Order. The contempt order imposed a $100 fine upon Ayers for each day he remained in violation of the bankruptcy court's order requiring him to refund $2000 to bankruptcy trustee Edward Walsh. Ayers had obtained this amount without court approval as a prepetition retainer from Walsh for representation of Chapter 11 debtor East West Construction Co., Inc. We have jurisdiction under 28 U.S.C. Sec. 158(d), and we affirm.
 
 
 3
 "A court has wide latitude in determining whether there has been contemptuous defiance of its order, and we review a lower court's decision to impose sanctions for contempt for an abuse of discretion." Crystal Palace Gambling Hall, Inc. v. Mark Twain Indus., Inc. (In re Crystal Palace Gambling Hall, Inc.), 817 F.2d 1361, 1364 (9th Cir.1987) (per curiam). A contempt order will not be reversed unless we have a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached after it weighed the relevant factors. Id.
 
 
 4
 Ayers contends that the district court erred by confirming the bankruptcy court's contempt order because the trustee failed to carry his burden of demonstrating that Ayers had the ability to comply with the order requiring him to refund the retainer. We reject this argument because the burden of demonstrating inability to comply with the order rested with Ayers, not the trustee. See United States v. Rylander, 460 U.S. 752, 757 (1983); United States v. Brown, 918 F.2d 82, 84 (9th Cir.1990). Ayers failed to sustain his burden.
 
 
 5
 Ayers also contends that he was wrongfully denied his constitutional right to a jury trial on the contempt charge. While there is a Sixth Amendment right to a jury trial in certain criminal contempt cases, there is no such right in civil contempt cases. United States v. Rylander, 714 F.2d 996, 998, 1004 (9th Cir.1983), cert. denied, 467 U.S. 1209 (1984). The district court's order confirming the bankruptcy court's Conditional Civil Contempt Order states that Ayers is ordered to pay $100 for every day he fails to comply with the order to pay Walsh $2000. The district court goes on to state that the $100 per day fine will be set aside if Ayers pays the $2000 within seven days of the filing of the court's order. The district court's order imposes punishment for civil contempt rather than criminal contempt since it clearly is intended to be coercive rather than punitive. See id. at 1001 (distinction between criminal and civil contempt lies in intended effects of court's punishment; punishment for civil contempt is intended to be coercive or compensatory while purpose of criminal contempt punishment is punitive). Thus, Ayers had no right to a jury trial in this instance.
 
 
 6
 Finally, Ayers contends that the bankruptcy court failed to provide sufficient notice of the contempt as required by Bankr.R. 9020(b). He claims that the notice provided by the court "did not describe or specify the acts complained of in any detail or with specificity." We disagree.
 
 Rule 9020(b) provides in relevant part:
 
 7
 Contempt committed in a case or proceeding pending before a bankruptcy judge ... may be determined by the bankruptcy judge only after a hearing on notice. The notice shall be in writing, shall state the essential facts constituting the contempt charged and describe the contempt as criminal or civil and shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense.
 
 
 8
 Bankr. R. 9020(b).
 
 
 9
 The bankruptcy court's November 20, 1989 order to show cause clearly specifies that Ayers was in willful violation of the court's order that he "refund to the trustee in bankruptcy the sum of $2000." The order goes on to specify the time and place of the hearing on the matter. The bankruptcy court therefore complied with Rule 9020(b), and Ayers fails to show how the court could have been more specific in its description of "the acts complained of." See id.
 
 
 10
 Accordingly, the district court's order confirming the bankruptcy court's Conditional Civil Contempt Order is
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ayers's challenge to the contempt order as constituting imprisonment for debt is without merit as there was no threat of imprisonment in this case. We decline to address Ayers's remaining challenge to the district court's jurisdiction to issue its May 4, 1990 order in a related contempt proceeding because Ayers's failed to appeal that order and there is no indication in the record that the proceedings were consolidated in the district court