UNITED STATES of America; Blake Olson, Revenue Agent of the Internal Revenue Service, Petitioners–Appellees,

v.

Ronald L. BODWELL, Respondent–Appellant.

No. 95–15987.

United States Court of Appeals, Ninth Circuit.

Submitted June 27, 1995*.

Memorandum Filed June 28, 1995.

Memorandum Amended and Filed as Opinion Sept. 19, 1995.

Mary M. French, Assistant Federal Public Defender, Sacramento, CA, for respondent-appellant.

Gary R. Allen, Charles E. Brookhart, Alice L. Ronk, United States Department of Justice, Washington, DC, for petitioners-appellees.

Before O'SCANNLAIN, LEAVY and HAWKINS, Circuit Judges.

PER CURIAM:

Ronald L. Bodwell appeals the district court's order holding him in civil contempt

---

* The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34–4. Accordingly, appellant's request for oral argument is denied.

and imposing the sanction of imprisonment for failure to comply with an Internal Revenue Service (IRS) summons under 26 U.S.C. §§ 7602 and 7604.

Bodwell contends the district court abused its discretion by denying his claim of the Fifth Amendment privilege against self-incrimination for failure to properly raise the claim in the summons enforcement proceedings without providing him with an opportunity to assert the privilege on a question-by-question basis or an in camera hearing on the merit of the claim. Bodwell also contends the district court abused its discretion by failing to appoint counsel for him until late in the contempt proceedings or to consider a less coercive sanction such as a fine.

■ We have jurisdiction under 28 U.S.C. § 1291. *In re Dual–Deck Video Cassette Antitrust Litigation*, 10 F.3d .693, 695 (9th Cir.1993). We review the district court's civil contempt order for an abuse of discretion. *Id.* We vacate the district court's order and remand for an in camera hearing where Bodwell may assert his Fifth Amendment claim on a question-by-question basis, and for a determination on the merits of Bodwell's claim.

■ The Fifth Amendment "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444–45, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212 (1972). A reasonable belief that information concerning income or assets, such as that sought in the summons here, might be used to establish criminal failure to file a tax return can support a claim of Fifth Amendment privilege. *See United States v. Rendahl*, 746 F.2d 553, 555–56 (9th Cir.1984).

■ The district court, however, did not address whether Bodwell had a reasonable belief that information sought in the IRS summons here might be used in a criminal prosecution, or whether his claim has merit.

Rather, the district court found, relying on *United States v. Rylander*, 460 U.S. 752, 756–57, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983), and *United States v. Brown*, 918 F.2d 82, 83 (9th Cir.1990) (per curiam), that "[because] Bodwell did not properly assert the privilege against self-incrimination at the enforcement stage, it is unavailable to him at the contempt stage ... Bodwell's blanket assertion of the privilege before the IRS revenue agent on July 19, 1993, was insufficient to preserve the constitutional issue."

Resolution of the issue of whether Bodwell was properly precluded from raising his Fifth Amendment claim in the civil contempt proceedings in the district court turns on whether Bodwell's Fifth Amendment claim was or could have been properly litigated in the earlier enforcement proceedings. In the enforcement proceedings, Bodwell, proceeding pro se, mentioned only in one pleading that "all rights under the Fifth Amendment apply." He did not make repeated blanket assertions of the privilege in the enforcement proceedings without offering any proof as to their merit, as the taxpayer in *Brown* did. Neither the district court nor this court ever addressed or ruled on Bodwell's claim of privilege in the enforcement proceedings. Thus, Bodwell's claim was not raised in the enforcement proceedings, and *Brown* does not preclude the district court's consideration of the claim in the contempt proceedings.

■ The next question is whether the Fifth Amendment claim could have been raised or properly litigated in the enforcement proceedings. *See Rylander*, 460 U.S. at 752, 103 S.Ct. at 1550. Bodwell was held in contempt for refusal to testify, rather than for refusal to produce documents as were the taxpayers in *Rylander* and *Brown*. The only way the Fifth Amendment can be asserted as to testimony is on a question-by-question basis. *Rendahl*, 746 F.2d at 555, *citing with approval United States v. Bell*, 448 F.2d 40, 42 (9th Cir.1971) (Fifth Amendment challenge premature on appeal from enforcement order; appellant must present himself for questioning after enforcement and as to each

question elect to raise or not to raise the defense).

Bodwell, however, who was proceeding pro se, never had an opportunity to answer the questions in the IRS summons before or during the enforcement proceedings here.[1] Accordingly, Bodwell's claim could not have been raised and litigated properly in the enforcement proceedings. *See Rylander*, 460 U.S. at 752, 103 S.Ct. at 1550; *see also United States v. Sharp*, 920 F.2d 1167, 1170 (4th Cir.1990) (*Rylander* does not preclude consideration of Fifth Amendment claim for first time in contempt proceedings where pro se litigant failed to assert right in technically proper form in enforcement proceedings).

In this case, as in *Rendahl*, Bodwell presented his Fifth Amendment claim and made an offer of proof in the district court contempt proceedings. The district court's failure to consider the claim under these circumstances was an abuse of discretion. Accordingly, we vacate the district court's contempt order and remand for an in camera hearing at which Bodwell shall be asked the questions in the summons on a question-by-question basis, and for a determination as to the merit of Bodwell's Fifth Amendment claim. *See Rendahl*, 746 F.2d at 555–56.[2]

1. Bodwell did not make an improper blanket assertion of the privilege in the July 19, 1993 IRS proceeding after enforcement, either. He could not have done so when he was never asked the questions as to which he claims the privilege in the first place. *See United States v. Argomaniz*, 925 F.2d 1349, 1356 (11th Cir.1991) (improper blanket invocation of privilege did not occur where taxpayer presented himself for questioning and interview was terminated when IRS realized taxpayer would raise privilege as to each question; effect was as though taxpayer had asserted privilege as to each question).

2. The government argues that Bodwell did not raise below his argument that he had no opportunity to assert the Fifth Amendment claim on a question-by-question basis. He did raise the Fifth Amendment claim, though, and provided the district court with a summary of the IRS proceeding that was terminated. Nothing prevents this court from reviewing all aspects of the district court's ruling on Bodwell's Fifth Amendment claim.

The government also cites a number of cases that go to whether Bodwell's Fifth Amendment claim has merit. In particular, the government argues that future criminal prosecution of Bod-

The motion for bail is denied as moot.

**VACATED and REMANDED.**

well is barred by the statute of limitations. Even the government, however, concedes that the statute has not run for at least one year in which Bodwell failed to file a return. Thus, he may reasonably fear criminal prosecution for that year. *See Sharp*, 920 F.2d at 1172. In any event, the district court has not yet addressed the merit of Bodwell's Fifth Amendment claim, and we decline to do so in the first instance. Although we do not address the merit of Bodwell's claim, we note that the appropriate device for compelling answers to incriminating questions is a government grant of use immunity. *See Sharp*, 920 F.2d at 1172. Remand will allow this process to take place, if the claim has merit.

We question the district court's failure to advise Bodwell of the right to counsel or to appoint counsel until late in the contempt proceedings, particularly after the first order was entered finding Bodwell in contempt. We decline, however, to address the merits of the Sixth Amendment claim; any harm resulting from a Sixth Amendment violation will be remedied on remand. Bodwell's contention that the district court abused its discretion by imposing imprisonment without first considering a monetary fine lacks merit. *See United States v. Flores*, 628 F.2d 521, 527 (9th Cir.1980).